373 A.2d 1107

**COMMONWEALTH of Pennsylvania**

v.

**Richard P. CHENET, Appellant.**

Supreme Court of Pennsylvania.

Argued March 10, 1977.

Decided June 3, 1977.

182

John Alan Havey, Aliquippa, for appellant.

Anthony J. Berosh, Keith R. McMillen, Asst. Dist. Atty., Beaver, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

 Appellant, Richard P. Chenet, was tried by a judge and jury in Beaver County and convicted of possession of a controlled substance. Appellant filed post-verdict motions for a new trial and in arrest of judgment. The court en banc granted appellant a new trial, but refused to arrest judgment. The Superior Court, by a four-three vote, affirmed the order of the court en banc denying the motion in arrest of judgment.[1] *Commonwealth v. Chenet*, 237 Pa.Super. 226, 352 A.2d 502 (1975). Appellant filed a petition for allowance of appeal, which this court granted on March 26, 1976.

Appellant claims the evidence is insufficient to sustain his conviction and that both the Superior Court and the court en banc erred in refusing his motion in arrest of judgment. We agree and, therefore, reverse and discharge appellant.

 When reviewing a denial of a motion in arrest of judgment, we must view all of the Commonwealth's evidence introduced at trial in the light most favorable to the Commonwealth with all reasonable inferences therefrom. *Commonwealth v. Terenda*, 433 Pa. 519, 252 A.2d 635 (1969). The evidence introduced by the Commonwealth is as follows.

On May 19, 1973, three Beaver County deputy sheriffs obtained a search warrant for appellant's trailer. Upon arrival at the trailer park, the sheriffs found the trailer locked and had to wait until 10:20 p. m., when appellant's roommate arrived with his girlfriend. A search turned up a few marijuana seeds on the kitchen floor,

---

1. We have recently made clear that an interlocutory order denying a motion in arrest of judgment, based on a claim of insufficient evidence, when a new trial has been granted, is appealable. *Commonwealth v. Liddick*, 471 Pa. 523, 370 A.2d 729, n. 2 (1977).

marijuana cigarette butts in an ashtray in the living-room and a "baggie" containing marijuana residue in the livingroom. The officers then found approximately 80 grams of marijuana in a milk delivery box attached to the trailer hitch. The search was completed at 11:30 p. m.

The deputies remained at the trailer until 1:15 a. m., when appellant arrived. After arresting appellant, the officers sought and were refused permission to search the automobile appellant had been driving. A second warrant was obtained and after two thorough searches of the car, the officers found two marijuana cigarettes in the console between the front seats. The car, however, belonged to appellant's attorney. Appellant had picked up the car to repair it. Appellant was the only in-dividual charged with possession of the contraband. At trial, all of the seized contraband was introduced over appellant's objection.

Appellant was convicted of violating 35 P.S. § 780–113, which states, *inter alia* :

"(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

\* \* \* \* \* \* \* \*

"(16) Knowingly or intentionally possessing a con-trolled . . . substance . . . ." [2]

In *Commonwealth v. Fortune,* 456 Pa. 365, 368–369, 318 A.2d 327, 328 (1974), we stated:

"When the illegal possession of contraband is charged, the evidence must establish that the appellant had a conscious dominion over the contraband. *Com-monwealth v. Davis,* 444 Pa. 11, 280 A.2d 119 (1971). The illegal possession of narcotic drugs is a crime which 'by its very nature is unique to the individual. By definition, the possessor is the only person who

2. Marijuana is defined as a controlled substance in 35 P.S. § 780–104(1)(iv).

could commit this crime. Guilt by association . . . is unacceptable.' *Commonwealth v. Reece,* 437 Pa. 422, 427, 263 A.2d 463, 466 (1970). See also *Commonwealth v. Tirpak,* 441 Pa. 534, 272 A.2d 476 (1971). The presence of one person in a group of people at the scene 'is not of critical import in drug possession cases.' *Commonwealth v. Reece* [supra, 437 Pa. at 427, 263 A.2d [463] at 466]. See also *Commonwealth v. Tirpak* [supra]. '[T]*he fact of possession loses all persuasiveness if persons other than the accused had equal access . . . to the place in which the property was discovered. . . .*' *Commonwealth v. Davis,* 444 Pa. 11, 16, 280 A.2d 119, 121 (1971), quoting 9 J. Wigmore, Evidence § 2513 (3d ed. 1940). When the crime charged is the illegal possession of narcotic drugs, the presence of a person at the scene, without a consideration of the totality of the circumstances, does not prove the crime." (Emphasis added.)

The marijuana found in and around the trailer was in the livingroom, kitchen and outside area immediately adjacent to the trailer. All of these areas were equally accessible to appellant's roommate and his girlfriend. No marijuana was found in appellant's room nor on appellant's person. The marijuana found in the car which belonged to appellant's attorney was the only evidence which could implicate appellant. We believe, however, the Commonwealth has failed to prove beyond a reasonable doubt that appellant knew about and was in possession of two marijuana cigarettes found in a third party's car.

■ We believe that all of the Commonwealth's evidence, reviewed in the light most favorable to the Commonwealth, fails to prove appellant's guilt beyond a reasonable doubt.

Order of the Superior Court affirming order of the Court of Common Pleas of Beaver County is reversed and appellant is discharged.

POMEROY, J., files a dissenting opinion.

POMEROY, Justice, dissenting.

Recognizing that this, like other drug possession cases, turns on its own facts and presents a very close question, I nevertheless agree with the Superior Court majority that the evidence here was sufficient to warrant a finding of constructive possession in the defendant Chenet. I therefore respectfully dissent.