522 A.2d 70

**COMMONWEALTH of Pennsylvania**

v.

**Randall Barry SAKSEK, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 5, 1987.

Filed March 5, 1987.

Nels J. Taber, Assistant Public Defender, Reading, for appellant.

Paul M. Szortyka, Assistant District Attorney, Reading, for Com., appellee.

Before WIEAND, TAMILIA and HESTER, JJ.

TAMILIA, Judge:

This is an appeal from judgment of sentence following appellant's conviction in a jury trial of robbery, theft, reckless endangerment and receiving stolen goods.

Testimony indicated that a food store was robbed at gunpoint by a man identified by the store clerk as appellant/Saksek. A car registered to appellant was involved in a high-speed chase shortly after the robbery. Inside the car, which was found abandoned in a creek, were appellant's wallet and a receipt made out to appellant for a .38 caliber revolver. Witnesses also identified appellant as an individual hitchhiking in Lebanon, Pennsylvania, the night of the robbery. Appellant testified he was drinking and could not recall what happened that day contending his car was stolen.

On appeal five issues are raised. First, appellant contends the court erred in refusing to admit evidence in two instances. Specifically rejected were a defense witness who would testify that he had previously mistaken appellant for another individual and a newspaper article which would indicate that two men were being sought in connection with the robbery.

The admission or exclusion of evidence is within the sound discretion of the trial court and, absent a clear abuse of that discretion, the decision of the court will not be disturbed. *Commonwealth v. McCue*, 338 Pa.Super. 117, 487 A.2d 880 (1985).[1]

---

1. While Judge Wieand, in his Concurring Opinion, would state a rule of law in regard to trial judge discretion, I do not believe such a pronouncement would aid in the determination of issues of discretion. Trial court discretion is an underpinning of our judicial process and to define that discretion by stating that the trial court has no discretion where the law is fixed, is to state the obvious as the term discretion rules out improper application of the law. It necessarily follows that when the court misapplies the law by ignoring those fixed standards, alluded to by Judge Wieand, to the prejudice of a party, he has abused his discretion.

The trial court determined that the offered testimony as to appellant's resemblance to another person was not relevant because there was no connection between this other person and the crime at issue. The newspaper article was excluded as hearsay. We find no abuse of discretion by the court in these rulings and appellant's claim of error must be rejected.

The next allegation of error is based upon the trial court's charge to the jury. Appellant maintains prejudicial error was committed by the court when it stated appellant had been identified by three people when, in fact, only two had positively identified appellant.

When reviewing jury charges, we must read the charge as a whole and the general effect of the charge controls. *McCue, supra.* In the present case, the court properly charged the jury that they were to be the finder of facts and it was their recollection which was to prevail. There is no basis for a finding of prejudice to appellant based upon the isolated remark of the court that three witnesses had identified appellant.

Next, appellant maintains that the evidence was insufficient to sustain the verdict. We must also reject this argument.

In reviewing a claim based on sufficiency of the evidence, we must review the evidence in a light most favorable to the Commonwealth, with all reasonable inferences therefrom to determine if the evidence was sufficient to sustain a verdict. *Commonwealth v. Hamilton,* 339 Pa.Super. 1, 488 A.2d 277 (1985); *Commonwealth v. Chenet,* 473 Pa. 181, 373 A.2d 1107 (1977).

The evidence presented, reviewed under the above-stated standards, was sufficient. The store clerk who testified, identified appellant as the individual who demanded money from her at gunpoint. There was testimony as to a high-speed chase, evidence of appellant's ownership of both

the vehicle found in the creek and of a weapon similar to the one used in the crime. Additional circumstantial evidence was also produced linking appellant to the crime.

██ Appellant's claim that the evidence was contradictory and unable to support the verdict goes to the weight of the evidence. Such a claim requires the granting of a new trial only when the verdict is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Datesman*, 343 Pa.Super. 176, 494 A.2d 413 (1985) citing *Commonwealth v. Jensch*, 322 Pa.Super. 304, 469 A.2d 632 (1983). This is not such a case and appellant's claim is without merit.

The final issue raised is a claim that appellant was improperly sentenced under 42 Pa.C.S.A. § 9712(a) contending insufficient evidence was presented at the time of sentencing to indicate the mandatory sentence was applicable. It is also argued that the Commonwealth failed to provide adequate notice that it intended to proceed under the statute.

██ We find this issue to also be without merit. Under the statute (42 Pa.C.S.A. § 9712(b)), notice is not required prior to conviction but reasonable notice is required of the Commonwealth's intention to proceed under the section before sentencing. *Commonwealth v. Bell*, 512 Pa. 334, 516 A.2d 1172 (1986); *Commonwealth v. Hess*, 348 Pa.Super. 600, 502 A.2d 707 (1985); *Commonwealth v. Reagan*, 348 Pa.Super. 589, 502 A.2d 702 (1985). Appellant does not contend notice was not given but rather argues notice given three days prior to sentencing was unreasonable. We cannot agree, especially in light of the fact that the information specifically referred to appellant pointing a gun at the store clerk and testimony was given at trial to the same extent. If appellant was truly uninformed of the possibility of the application of the statute and was still unprepared at the sentencing hearing to challenge application of the mandato-

ry sentencing provision, he could have sought a continuation at that time.

The sufficiency of the evidence issue is devoid of merit. The statute specifically provides that the court shall consider evidence from the trial, which in this instance would be sufficient to prove the use of a weapon.

Having found no basis to support the claims of error asserted by appellant, judgment of sentence is affirmed.

Judgment of sentence affirmed.

WIEAND, J., concurs with opinion.

WIEAND, Judge, concurring:

I concur in the majority's decision to affirm the judgment of sentence. I write separately only to suggest my disagreement with the majority's general statement that "[t]he admission or exclusion of evidence is within the sound discretion of the trial court...." Although the same statement appears with increasing frequency in our opinions, I believe it is incorrect. To be sure, much must necessarily be left to the discretion of the court during the course of a trial. However, not all evidentiary rulings are discretionary with the trial court. Many rules of evidence are well established and do not permit a trial judge total discretion in his rulings. These include exclusionary rules whose enforcement cannot be ignored or violated in the trial court's discretion. Such rules are those, inter alia, which exclude evidence which is hearsay, evidence which has been illegally obtained, evidence which is privileged, and evidence which violates the Dead Man's Rule. In the instant case, it seems clear that the trial court's evidentiary rulings were correct. The newspaper article contained hearsay; and the testimony that a witness had on one occasion mistaken appellant for someone else was irrelevant.

In all other respects, I join the majority's opinion.