J-S02043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TONY RAY ARVELO | |
| Appellant | No. 1668 EDA 2014 |

Appeal from the Judgment of Sentence of March 14, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No.: CP-48-CR-0001560-2013

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED APRIL 17, 2015**

Tony Ray Arvelo appeals the May 20, 2014 judgment of sentence.  We affirm.

Following a jury trial, Arvelo was convicted of one count each of aggravated assault, simple assault, and possession of instrument of crime, and two counts of recklessly endangering another person.[1]  Sentencing was scheduled for May 14, 2014.  Approximately one week prior to sentencing,

---

[1]    ***See*** 18 Pa.C.S. §§ 2701(a)(1), 2702(a)(2), 907, and 2705, respectively.  Arvelo was acquitted of one count each of attempted murder, 18 Pa.C.S. § 901 (18 Pa.C.S. § 2501), aggravated assault, and simple assault.
       Neither the parties nor the trial court set forth a summary of the facts underlying Arvelo's convictions.  Presumably, they have declined to do so because Arvelo's present challenges concern only Arvelo's sentence.  For that reason, the facts of this case are immaterial to our disposition, and we, like the parties, discern no need to detail those facts here.

the assistant district attorney informed counsel for Arvelo that the Commonwealth intended to invoke the ten-year mandatory minimum sentence that was applicable to Arvelo as a second strike offender pursuant to Pennsylvania's Three Strikes Law, 42 Pa.C.S. § 9714(a)(1), (d).  Notes of Testimony ("N.T."), 3/14/2014, at 2. Two days before sentencing, the assistant district attorney informed defense counsel for the second time that the Commonwealth intended to pursue the mandatory minimum sentence. *Id.*  Defense counsel confirmed at sentencing that he had twice received the Commonwealth's notice.  *Id.*  Nonetheless, at sentencing, defense counsel objected to the imposition of the second-strike mandatory minimum sentence. *Id.* at 2-4.  The trial court overruled the objection, and, on March 14, 2014, sentenced Arvelo in accordance with § 9714(a)(1) to ten to twenty years' incarceration on the aggravated assault count.  The trial court also sentenced Arvelo to fourteen to twenty-eight months' incarceration on the possession of instrument of a crime count, and twelve to twenty-four months' incarceration on the recklessly endangering another person count. The court ordered that the sentences run consecutively to each other, resulting in an aggregate sentence of twelve years and two months to twenty-four years and four months' incarceration.

On March 24, 2014, Arvelo filed a motion for reconsideration of his sentence.  Following a hearing, the trial court denied Arvelo's motion.  On June 4, 2014, Arvelo filed a timely notice of appeal.  In response, the trial court directed Arvelo to file a concise statement of errors complained of on

appeal pursuant to Pa.R.A.P. 1925(b). On June 19, 2014, Arvelo filed a timely concise statement. On June 26, 2014, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Arvelo presents the following question for our review:

Did the trial court abuse its discretion and sentence [Arvelo] excessively and improperly in allowing the Commonwealth to seek the mandatory second strike when they failed to give notice to defense counsel and [Arvelo], where the first case occurred when [Arvelo] was seventeen years old and when the mandatory minimum statutes have been ruled unconstitutional?

Brief for Arvelo at 7. Although Arvelo presents a single statement of the question presented in this appeal, he actually raises three distinct questions that we must review: (1) whether the Commonwealth gave reasonable notice of their intent to pursue the second strike mandatory minimum sentence, *id.* at 10; (2) whether Arvelo's first violent felony conviction should be considered a first strike because it occurred when he was seventeen years-old, *id.* at 11; and (3) whether the mandatory minimum provisions of the Three Strikes Law are constitutional pursuant to the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (U.S. 2013), *id.* at 11. We take each inquiry in turn.

Although Arvelo structures his claims as challenges to the trial court's discretion, challenges involving the application of a mandatory minimum sentence pursuant to Pennsylvania's Three Strikes Law are challenges to the legality of the sentence imposed. *See Commonwealth v. Norris*, 819 A.2d 568, 571 (Pa. Super. 2003) (citing *Commonwealth v. Edrington*, 780

A.2d 721, 723 (Pa. Super. 2001)).  Accordingly, our scope of review is plenary, and our standard of review is limited to ascertaining whether the trial court committed an error of law.  **See Commonwealth v. Leverette**, 911 A.2d 998, 1002 (Pa. Super. 2006).

Arvelo first maintains that the Commonwealth failed to provide him with adequate notice of its intent to pursue the second-strike mandatory minimum sentence pursuant to 42 Pa.C.S. § 9714(d).  Arvelo notes that the Commonwealth's notice, given mere days before sentencing, was insufficient to constitute reasonable notice pursuant to § 9714(d).  We disagree.

Pursuant to § 9714(a), any person who is "convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a mandatory minimum sentence of at least ten years of total confinement. . . ."  42 Pa.C.S. § 9714(a)(1). Because the provisions of this section are, by statute, not elements of any particular offense, the Commonwealth is not obligated to provide a defendant with notice of its intent to pursue the second-strike mandatory sentence **before** trial.  However, "reasonable notice of the Commonwealth's intention to proceed under [§ 9714(a)(1)] shall be provided **after** conviction and **before** sentencing."  **Id.** § 9714(d) (emphasis added).

Arvelo admits that the Commonwealth notified him of its intent, but nonetheless contends that the notice was insufficient to trigger the application of the mandatory sentence because the notice was late in the

proceedings and because it was given informally instead of in writing. However, the statute does not require that notice be given in any particular manner, or at any particular time. Subsection 9714(d) requires only that the notice be "reasonable" and that it be given after conviction and before sentencing.

The record confirms that the Commonwealth twice provided Arvelo with notice, once approximately one week before sentencing and once two days before sentencing. Our only inquiry at this juncture is whether it was reasonable to provide notice so close in time to Arvelo's sentencing. In light of our binding case law, we hold that the Commonwealth's notice in this case was reasonable. For example, in **Commonwealth v. Taylor**, 831 A.2d 661 (Pa. Super. 2003), the Commonwealth notified Taylor by fax at least two, and as many as three, days before sentencing that it intended to have Taylor sentenced to the mandatory minimum sentence as a second-strike offender. **Id.** at 666-67. We held that the Commonwealth's notice was reasonable, even though only two or three days before sentencing, because, *inter alia*, Taylor had not indicated at sentencing that he was unprepared to challenge the application of § 9714(a)(1), nor did he seek a continuance in order to make such a challenge. **Id.**; **see also Commonwealth v. Saksek**, 522 A.2d 70, 72 (Pa. Super. 1987) (holding that notice given three days before sentencing was reasonable for purposes of applying the mandatory minimum sentence).

Here, Arvelo received notice within the same general timeframe as occurred in **Taylor**. Additionally, Arvelo was prepared to challenge the application of the mandatory sentence and he did not request, nor indicate that he needed, more time to prepare such a challenge. Thus, pursuant to **Taylor** and **Saksek**, *supra*, Arvelo is not entitled to relief.

In his second contention, Arvelo contends that his first conviction for a violent crime should not be considered a first strike for purposes of subsection 9714(a)(1) because he "was not an adult when the first crime of violence occurred and yet he was sentenced as a second strike violent felony which gave him 10 to 20 years in a state prison." Brief for Arvelo at 11. This statement constitutes the entirety of Arvelo's argument on this point. Conspicuously absent is any reference to case law or statutory law supporting the contention that an act committed while a juvenile cannot constitute a first strike for purposes of subsection 9714(a)(1). **See** Pa.R.A.P. 2119(a) ("The argument shall be . . . followed by such discussion and citation of authorities as are deemed pertinent.").

Regardless of Arvelo's briefing inadequacies, his claim does not merit relief. To be a first strike, a prior conviction must be a "crime of violence," which is defined as follows:

> As used in this section, the term "crime of violence" means murder of the third degree, voluntary manslaughter, manslaughter of a law enforcement officer as defined in 18 Pa.C.S. § 2507(c) or (d) (relating to criminal homicide of law enforcement officer), murder of the third degree involving an unborn child as defined in 18 Pa.C.S. § 2604(c) (relating to murder of unborn child), aggravated assault of an unborn child

as defined in 18 Pa.C.S. § 2606 (relating to aggravated assault of unborn child), aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) (relating to aggravated assault), assault of law enforcement officer as defined in 18 Pa.C.S. § 2702.1 (relating to assault of law enforcement officer), use of weapons of mass destruction as defined in 18 Pa.C.S. § 2716(b) (relating to weapons of mass destruction), terrorism as defined in 18 Pa.C.S. § 2717(b)(2) (relating to terrorism), trafficking of persons when the offense is graded as a felony of the first degree as provided in 18 Pa.C.S. § 3002 (relating to trafficking of persons), rape, involuntary deviate sexual intercourse, aggravated indecent assault, incest, sexual assault, arson endangering persons or aggravated arson as defined in 18 Pa.C.S. § 3301(a) or (a.1) (relating to arson and related offenses), ecoterrorism as classified in 18 Pa.C.S. § 3311(b)(3) (relating to ecoterrorism), kidnapping, burglary as defined in 18 Pa.C.S. § 3502(a)(1) (relating to burglary), robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), or robbery of a motor vehicle, drug delivery resulting in death as defined in 18 Pa.C.S. § 2506(a) (relating to drug delivery resulting in death), or criminal attempt, criminal conspiracy or criminal solicitation to commit murder or any of the offenses listed above, or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction.

42 Pa.C.S. § 9714(g). Notably, the definition of a crime of violence does not include a provision that requires the delineated crimes to be committed only by those over the age of eighteen. Had Arvelo been adjudicated delinquent as a juvenile on his prior robbery, that adjudication would not be considered a first strike. *See Commonwealth v. Thomas*, 743 A.2d 460, 468 (Pa. Super. 1999). But that was not the case. Arvelo was tried and convicted as an adult for the crime of robbery. So long as Arvelo was convicted as an adult, the fact that he was seventeen at the time that he committed the

offense is immaterial to determining whether his robbery constituted a first strike. Arvelo's second argument has no merit.

In his final contention, Arvelo argues that the mandatory sentencing provisions of the Three Strikes Law are unconstitutional pursuant to the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (U.S. 2013). Recently, in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014), and progeny, this Court has declared various mandatory minimum sentence statutes to be unconstitutional in light of *Alleyne*.[2] Arvelo contends that the mandatory sentencing provisions in the Three Strikes Law must meet the same unconstitutional fate as those provisions that we have recently struck down under *Alleyne*. We disagree.

In *Commonwealth v. Miller*, 102 A.3d 988 (Pa. Super. 2014), we presented the relevant portion of the *Alleyne* Court's rationale as follows:

> In *Alleyne*, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury"

---

[2] In *Newman*, we struck down as unconstitutional the mandatory minimum sentence that was applicable to a convicted drug offender when a firearm is found on a drug dealer, an accomplice, or in the vicinity of the contraband pursuant to 42 Pa.C.S. § 9712.1. *See Newman*, 99 A.3d at 98, 101-02. In *Commonwealth v. Valentino*, 101 A.3d 801 (Pa. Super. 2014), we held that, pursuant to *Newman* and *Alleyne*, the mandatory minimum sentences set forth at 42 Pa.C.S. § 9712 (pertaining to the commission of certain crimes with a firearm) and § 9713 (pertaining to crimes committed on public transportation), also were unconstitutional. *Id.* at 812. *See also Commonwealth v. Cardwell*, 105 A.3d 748, 751 (Pa. Super. 2014) (applying *Alleyne* and recognizing that the mandatory minimum sentences associated with the weight of narcotics possessed by a drug dealer pursuant to 42 Pa.C.S. § 7508 are unconstitutional).

and must be found beyond a reasonable doubt. **Alleyne**, *supra* at 2163. **Alleyne** is an extension of the Supreme Court's line of cases beginning with **Apprendi v. New Jersey**, 530 U.S. 466 (2000). In **Alleyne**, the Court overruled **Harris v. United States**, 536 U.S. 545 (2002), in which the Court had reached the opposite conclusion, explaining that there is no constitutional distinction between judicial fact[-]finding which raises the minimum sentence and that which raises the maximum sentence.

> It is impossible to dissociate the floor of a sentencing range from the penalty affixed to the crime. Indeed, criminal statutes have long specified both the floor and ceiling of sentence ranges, which is evidence that both define the legally prescribed penalty. This historical practice allowed those who violated the law to know, *ex ante*, the contours of the penalty that the legislature affixed to the crime—and comports with the obvious truth that the floor of a mandatory range is as relevant to wrongdoers as the ceiling. A fact that increases a sentencing floor, thus, forms an essential ingredient of the offense.

> Moreover, it is impossible to dispute that facts increasing the legally prescribed floor aggravate the punishment. Elevating the low-end of a sentencing range heightens the loss of liberty associated with the crime: the defendant's expected punishment has increased as a result of the narrowed range and the prosecution is empowered, by invoking the mandatory minimum, to require the judge to impose a higher punishment than he might wish. Why else would Congress link an increased mandatory minimum to a particular aggravating fact other than to heighten the consequences for that behavior? This reality demonstrates that the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to the jury.

**Alleyne**, [133 S.Ct.] at 2160-61 (internal quotation marks and citations omitted).

**Miller**, 102 A.3d at 994-95 (citations modified).

- 9 -

As noted in **Miller**, **Alleyne** is an extension of the Supreme Court's decision in **Apprendi**, wherein the Court held that any fact that increased a penalty beyond a statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. **Apprendi**, 530 U.S. at 490. Critically, the **Apprendi** Court specifically exempted the fact of a prior conviction from its holding. **Id.** Thus, the existence of a prior conviction does not need to be presented to a jury and proven beyond a reasonable doubt before a trial court may impose a mandatory sentence based upon that conviction. **See Commonwealth v. Hale**, 85 A.3d 570, 585 n.13 (Pa. Super. 2013) ("Prior convictions are the remaining exception to [**Apprendi** and **Alleyne**], insofar as a fact-finder is not required to determine disputed convictions beyond a reasonable doubt to comport with the Sixth Amendment jury trial right."). Because the application of the mandatory sentence for a second strike is trigged exclusively by the existence of a prior conviction, **see** 42 Pa.C.S. § 9714(a) and (g), **Alleyne** has no application herein. The trial court's imposition of a mandatory minimum sentence on Arvelo as a second strike offender was not unconstitutional.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/17/2015