J-S23017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTOPHER DAVIS, | |
| Appellant | No. 977 EDA 2014 |

Appeal from the Judgment of Sentence November 18, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006306-2012

BEFORE:  DONOHUE, SHOGAN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 05, 2015**

Appellant, Christopher Davis, appeals from the judgment of sentence entered November 18, 2013, following his conviction at a bench trial of possession of marijuana and possession of drug paraphernalia.  We affirm.

The trial court summarized the facts and procedural history as follows:

> [Appellant] was arrested on December 28, 2011, after police recovered marijuana and a digital scale located in plain view on the coffee table in [Appellant's] living room.  He appeared before this Court for a non-jury trial on November 18, 2013.  The evidence adduced at trial showed that, in the early hours of December 28, 2011, [Appellant] arrived home to the South Philadelphia house he shared with two roommates.  Both roommates were away visiting family for the holidays. [Appellant] woke up early in the afternoon and walked through his living room to the backyard so he could feed his two pit bulls. While doing so, he accidently set off the home's security system.

---

[*]  Retired Senior Judge assigned to the Superior Court.

Police Officer James Battista arrived shortly thereafter in response to the security alarm, and asked [Appellant] to produce identification and proof of residence. From the threshold of the front door, which opened into the living room, Officer Battista noticed a bag of marijuana and a digital scale sitting in plain view on the coffee table in the living room. As a result, he secured a search warrant and backup police officers arrived on the scene. In addition to the bag of marijuana and digital scale in the living room, a thorough search of the residence resulted in the discovery of a firearm on the living room couch underneath an article of clothing; 42 packets of crack cocaine, a digital scale, and two clear plastic bags with red apples containing new and unused clear packets in the front upstairs bedroom; $4,107 US currency from the rear bedroom; and two letters addressed to [Appellant] at that address. At the conclusion of testimony and argument, this Court found [Appellant] guilty of Possession of Marijuana and Possession of Drug Paraphernalia. This Court imposed no further penalty on the two charges and ordered [Appellant] to pay a fine of $300.

On November 27, 2013, [Appellant] filed a "Motion under Rule 720 for Judgment of Acquittal."[1] This motion was denied by operation of law on March 27, 2014. On March 28, 2014, [Appellant] filed a Notice of Appeal to the Superior Court. On April 8, 2014, this Court ordered that defense counsel file a Concise Statement of Errors Complained of on Appeal, and defense counsel did so on April 21, 2014.

[1] [Appellant] did not file any other post sentence motions. He failed to file a motion to reconsider or a motion for a new trial.

Trial Court Opinion, 6/30/14, at 1–2.

Appellant raises the following issues on appeal:

I. Whether [Appellant's] conviction for constructive possession of marijuana and drug paraphernalia was supported by legally sufficient evidence when the marijuana and scale were in a common area accessible to multiple individuals and there was no proof that he had any knowledge of the illegal contraband or that he exercised any dominion and control over same.

II. Whether [Appellant's] conviction for constructive possession of marijuana and drug paraphernalia was against the weight of the evidence when the marijuana and scale were in a common area accessible to multiple individuals and there was no proof that he had any knowledge of the illegal contraband or that he exercised any dominion and control over same.

III. Whether [Appellant's] conviction for constructive possession of marijuana and drug paraphernalia should be vacated because the trial court erred by failing to consider the character evidence submitted.

Appellant's Brief at 5.

Appellant first asserts that there was insufficient evidence of record to support the verdict. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. *Commonwealth v. Diamond*, 83 A.3d 119 (Pa. 2013). It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. *Commonwealth v. James*, 46 A.3d 776 (Pa. Super. 2012). The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. *Commonwealth v. Vogelsong*, 90 A.3d 717, 719 (Pa. Super. 2014). "[I]n applying the above test, the entire record must be evaluated and all evidence actually received must be considered." *Commonwealth v. Estepp*, 17 A.3d 939, 944 (Pa. Super. 2011). Moreover, as an appellate

- 3 -

court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. *Commonwealth v. Ratsamy*, 934 A.2d 1233 (Pa. 2007).

> The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.' Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict.

*Id*. at 1235–1236 (emphasis in original, internal citation omitted).

As Appellant was not in physical possession of the contraband, the Commonwealth was required to establish that he had constructive possession of it. *Commonwealth v. Kinard*, 95 A.3d 279, 292 (Pa. Super. 2014). "Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not." *Commonwealth v. Mudrick*, 507 A.2d 1212, 1213 (Pa. 1986); *see also Commonwealth v. Thompson*, 779 A.2d 1195 (Pa. Super. 2001).

> The existence of constructive possession of a controlled substance is demonstrated by the ability to exercise a conscious dominion over the illegal substance: the power to control the illegal substance and the intent to exercise that control. An intent to maintain a conscious dominion may be inferred from the totality of the circumstances. Thus, circumstantial evidence may be used to establish constructive possession of the illegal substance. Additionally, our Court has recognized that constructive possession may be found in one or more actors where the item in issue is in an area of joint control and equal access.

- 4 -

*Commonwealth v. Johnson*, 26 A.3d 381, 1093–1094 (Pa. 2011) (internal

quotation marks and citations omitted).

Appellant asserts that he was merely present at the residence, and
this mere presence was insufficient to prove that he constructively
possessed the marijuana and scale on the living room coffee table.
Appellant's Brief at 12. He suggests that his two roommates[1] had equal,
unfettered access to the room where the marijuana was found. Appellant's
Brief at 26.[2] He cites multiple cases that are all distinguishable or lacking in
support. *Id*. at 16–24.

The trial court has addressed the arguments put forth by Appellant,
and we rely on its cogent and thorough discussion for our disposition of the
issue, as follows:

> When viewed in its totality, the evidence adduced at trial
> was sufficient to support this [c]ourt's finding that [Appellant]
> was in constructive possession of the marijuana and scale. The
> record shows that a bag of marijuana and a scale were in [sic]
> sitting out in plain view on the coffee table in [Appellant's] living
> room. Officer Battista testified that when [Appellant] answered
> his front door, he could smell fresh marijuana and the drugs and
> scale were visible from where he was standing in the threshold.
> [Appellant] testified that he was the only person home, as his

---

[1] Appellant's roommates were out of town for the Christmas holiday, and
Appellant was alone in the house. N.T., 11/18/13, at 11, 82.

[2] Appellant has failed to include any citations to the record in making his
allegations concerning the testimony at trial. *See e.g.*, Appellant's Brief at
26. This Court will not comb the record for facts in support of an appellant's
claim. *Commonwealth v. Samuel*, 102 A.3d 1001 (Pa. Super. 2014).

two roommates had returned home for the holidays. He further testified that he had entered the house early that morning through the front door and went upstairs; he later walked through the living room, past the coffee table, at least two more times to feed the pit bulls in the backyard. After police executed a search warrant, they recovered mail sent to [Appellant] at that address, a firearm on the living room couch; 42 packets of crack cocaine, several new and unused plastic bags, and a scale from the upstairs front bedroom; and more than $4000 in cash stuffed into a pillowcase in the upstairs back bedroom closet.

These facts and circumstances, when viewed in their totality, are sufficient to prove that [Appellant] had the ability to exercise dominion and control of the marijuana and digital scale on the coffee table and that he had the intent to exercise that control. Contrary to [Appellant's] assertions, he was more than "merely present" in the same room as the narcotics. [Appellant] resided in the house, he received bills at that address, and his name was on the lease. More importantly, the drugs were **in plain view** where they could easily be seen, and smelled, by anyone in the room. [Appellant] seems to grant tremendous import to the fact that the marijuana could have belonged to one of the other roommates as it was located in a jointly shared, common area of the house; however, as [Appellant] himself testified, no one else was home. It defies logic and reason that [Appellant] would have no knowledge of marijuana and a digital scale sitting out in the open on the coffee table in his own living room that he admittedly had walked through on more than one occasion that same day. See Commonwealth v. Murdrick, 510 Pa. 305, 507 A.2d 1212 (1986) (finding constructive possession of cocaine where the defendant had joint control and equal access to the area where the drugs were found in plain view); see also Commonwealth v Aviles, 419 Pa. Super. 345, 615 A.2d 398 (1992) (finding defendant constructively possessed narcotics found in middle and rear bedrooms of house, even though she slept in front bedroom, because she and co-tenants had joint and access and control over "the whole residence").

In his motion for acquittal, [Appellant] cites several cases where "mere presence" was not sufficient to establish constructive possession. See Commonwealth v. Tirpak, 272 A.2d 476 (Pa. 1971) (mere presence at a "pot party," where several party guests were in the same room with marijuana and used joints, was insufficient to establish constructive possession

by the defendant); Commonwealth v. Fortune, 318 A.2d 327 (Pa. 1974) ([Appellant]'s presence in upstairs bedroom insufficient to establish constructive possession of heroin found on kitchen floor where four other people were in the kitchen at time of police raid); Commonwealth v. Chenet, 373 A.2d 1107 (Pa. 1977) (insufficient evidence to support finding of constructive possession where police executed a search warrant on the defendant and his roommate's home when no one was there and found marijuana in common areas). However, in all of these cases, except Chenet, the defendant was one of many people present in the area where drugs were found and there was little evidence to link that particular defendant with the contraband. In Chenet, the defendant wasn't even home [when] police executed the warrant; therefore, there was no proof that the defendant had knowledge of the drugs. In contrast, in the case at bar, [Appellant] was at home, alone, and present when the police officer saw and smelled the fresh marijuana and digital scale sitting on the living room coffee table **in plain view**.

[Appellant] cites Commonwealth v. Jackson, 659 A.2d 549 (Pa. 1995) as being "directly on point" to the case at bar. In Jackson, police executed a search warrant on the defendant's home and found narcotics and related drug-selling paraphernalia in the rear bedroom belonging to defendant's brother, as well as inside a hall closet and in a kitchen cabinet. The Pennsylvania Supreme Court reversed the lower court's finding of constructive possession, holding that there was no evidence that the defendant was aware of drug related activities going on in the house and that "mere association, suspicion or conjecture" was insufficient. One very important factor distinguishes this case from ours: the marijuana and scale found in the case at bar were **in plain view**. [Appellant] was not convicted of possessing the cocaine found in the front bedroom of the house, nor was he tried and found guilty of possessing the firearm found on the couch under a blanket. This [c]ourt only found him guilty of . . . possessing the marijuana and digital scale located **in plain view** on the coffee table in the middle of the living room, where [Appellant] was home alone and had admittedly walked through the living room several times that very day. These facts and circumstances were sufficient to find that it was "more likely than not" that [Appellant] possessed the contraband. Brown, 48 A.3d at 430. Thus, when viewed under the totality of the circumstances and drawing all reasonable inferences therefrom in the light most favorable to the

Commonwealth, this [c]ourt properly found that [Appellant] had constructive possession of the marijuana and scale found openly displayed **in plain view** on the living room coffee table.

Trial Court Opinion, 6/30/14, at 6–8 (emphasis in original). Thus, we conclude that the evidence was sufficient to support the verdict.

Appellant next asserts that the verdict was against the weight of the evidence. The trial court found this claim waived due to Appellant's failure to raise it in a post-sentence motion. Pennsylvania Rule of Criminal Procedure 607 and its comment instruct that in order to preserve for appellate review a claim that a verdict is against the weight of the evidence, the issue must be raised with the trial judge in a motion for a new trial either orally or in writing prior to sentencing, or in a post-sentence motion. Pa.R.Crim.P. 607. Here, Appellant never filed with the trial court an oral or written motion for a new trial prior to sentencing, or a post-sentence motion challenging the weight of the evidence.[3] We agree with the trial court that Appellant has waived this matter, and we decline to address its merits. ***Commonwealth v. Thompson***, 93 A.3d 478, 491 (Pa. Super. 2014).

Finally, Appellant contends that because the Commonwealth stipulated to the admission of good character evidence, all of Appellant's testimony "should be deemed accurate." Appellant's Brief at 37. Thus, Appellant avers

_____

[3] Appellant's Motion for Judgment of Acquittal challenged the sufficiency of the evidence. Pa.R.Crim.P. 720. Christopher Davis Motion under PA Crim. P. 720 for Judgment of Acquittal, 11/27/13.

that because Appellant testified that he was not aware of the marijuana and scale in plain view in the living room, the trial court was required to accept all of his testimony "as true and credible." This claim is absurd.

The trial court specifically concluded that it "found [Appellant's] testimony that he had no knowledge of the drugs and scale to be incredible." Trial Court Opinion, 6/30/14, at 10. As fact-finder, the trial court was "free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Ferguson*, 107 A.3d 206, 213 (Pa. Super. 2015). Moreover, the Commonwealth's stipulation was simply that various witnesses would have testified to Appellant's good character "for the traits of being law-abiding and honest." N.T., 11/18/13, at 108. It was not a stipulation as to truth of the testimony. *Id*. Indeed, the trial judge, as fact-finder, was required to "weigh and consider the character evidence in connection with all the other evidence in the case." *Commonwealth v. Sandusky*, 77 A.3d 663, 673 (Pa. Super. 2013). Finally, in his Pa.R.A.P. 1925(b) statement, Appellant maintained that the trial court "did not give proper weight to the [character evidence] when determining the guilt of [Appellant]," and in his appellate brief, he contends the trial court failed to consider it at all. Concise Statement of Errors, 4/21/14, at 1; Appellant's Brief at 34. This allegation is merely another aspect of a weight-of-the-evidence claim, which we already determined is waived herein.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/2015