J-S40010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TERRELL NELSON | : | |
| | : | |
| Appellant | : | No. 1113 EDA 2016 |

Appeal from the Judgment of Sentence March 11, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005359-2015

BEFORE: OTT, DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED JUNE 28, 2017**

Appellant, Terrell Nelson, appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following his conviction in a bench trial on the charges of firearms not to be carried without a license, carrying firearms on public streets or public property in Philadelphia, and possession of a controlled substance.[1] Appellant's sole contention is the evidence was insufficient to sustain his firearms convictions

_____

[1] 18 Pa.C.S.A. § 6106(a)(1), 18 Pa.C.S.A. § 6108, and 35 P.S. § 780-113(a)(16), respectively.

[*] Former Justice specially assigned to the Superior Court.

as the evidence demonstrates he did not have actual or constructive possession of the firearm at issue.[2]  After a careful review, we affirm.

The relevant facts and procedural history are as follows:  Appellant was arrested, and represented by counsel, he proceeded to a bench trial on December 28, 2015, at which the sole witnesses were Philadelphia Police Officers Anthony Davis and Troy Brown.  Specifically, Officer Davis testified that, on March 2, 2015, at 4:30 p.m., he was on duty with Officer Brown when they responded to a radio call identifying a particular vehicle with a specific license plate number. N.T., 12/28/15, at 8-10. The officers discovered the subject vehicle being driven by Appellant on the 3000 block of Island Avenue.  *Id.* at 9-10.  After Appellant pulled the vehicle into a parking lot, the officers approached it.  *Id.* at 14-15.  Officer Davis testified that he could not see into the vehicle because its windows were darkly tinted "all around."  *Id.* at 12, 14.

After Appellant exited the vehicle, Officer Davis ordered Appellant to "show [him] his hands," asked him if he had been fighting with somebody, and asked him if he had any weapons on him.  *Id.* at 10-11.  Appellant answered "no" to the officer's questions.  *Id.* at 12.  Officer Davis asked Appellant if Officer Brown could search the vehicle, to which Appellant answered "yes."  *Id.* at 13.  Officer Davis testified that, during the search of

_____

[2] Appellant has presented no issue related to his conviction for possession of a controlled substance.

the vehicle, without announcing what he had discovered, Officer Brown told him to put handcuffs on Appellant, at which point Appellant ran through a crowded shopping center. *Id.* at 16, 19.

Officer Brown confirmed that, during the search, he opened the vehicle's center console and discovered a black and silver firearm. *Id.* It was at this point that Officer Brown "mentioned to [Officer Davis] to take [Appellant] into custody[.]" *Id.* at 19. Appellant immediately fled, but was captured at the rear of the shopping center. *Id.* at 19-20. The police secured a warrant for the vehicle, seized the previously viewed firearm which was loaded with eleven live rounds, and also seized cocaine from the vehicle.[3] *Id.* at 20, 22-23. Officer Brown testified that the vehicle was not registered to Appellant but was registered to "Robert McGee." *Id.* at 21-20.

The Commonwealth entered into evidence a certificate of non-licensure pertaining to Appellant, a ballistics report revealing the firearm was operable, and an analysis revealing the controlled substance was cocaine. *Id.* at 23-24. The trial court found Appellant guilty of the offenses indicated *supra*, and on March 11, 2016, the trial court sentenced Appellant to an aggregate of three years to six years in prison, to be followed by five years

---

[3] The record is not clear as to the precise area from which the cocaine was seized from the vehicle.

of probation. This timely appeal followed, and all Pa.R.A.P. 1925 requirements have been met.[4]

Appellant contends the evidence was insufficient to sustain his firearms convictions as the evidence demonstrates he did not have actual or constructive possession of the firearm, which was found in the vehicle's closed center console. More specifically, he argues "[t]he Commonwealth has proven nothing more than mere presence in a vehicle that does not belong to Appellant. Furthermore, the Commonwealth only presented evidence that suggests Appellant had knowledge of the firearm after it was found in the vehicle." Appellant's Brief at 6.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses

_____

[4] In addition to challenging the sufficiency of the evidence, Appellant presented a weight of the evidence claim in his Rule 1925(b) statement. However, he has abandoned the weight of the evidence claim on appeal.

and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Further, in viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the court must give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa.Super. 2014) (quotation marks and quotations omitted).

Initially, we agree with Appellant that possession is an element of the firearms offenses,[5] and the evidence does not reveal that he was in actual possession of the firearm. *See Commonwealth v. Vargas*, 108 A.3d 858

_____

[5] 18 Pa.C.S.A. § 6106, provides, in relevant part, the following:
**§ 6106. Firearms not to be carried without a license**
**(a) Offense defined.-**
    (1) [A]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.
18 Pa.C.S.A. § 6106(a)(1).
    18 Pa.C.S.A. § 6108 provides the following:
**§ 6108. Carrying firearms on public streets or public property in Philadelphia**
No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:
    (1) such person is licensed to carry a firearm; or
    (2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).
18 Pa.C.S.A. § 6108.

(Pa.Super. 2014) (*en banc*) (defining actual possession). However, illegal possession of a firearm may be shown by constructive possession. ***Commonwealth v. Parker***, 847 A.2d 745, 750 (Pa.Super. 2004).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." We subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." To aid application, we have held that constructive possession may be established by the totality of the circumstances.

***Id.*** (citations and quotations omitted).

Recently, in ***Commonwealth v. Cruz***, 21 A.3d 1247 (Pa.Super. 2011), this Court concluded the appellant, who did not own the vehicle but was the sole occupant, had constructive possession over a firearm found in a compartment on the passenger side of the vehicle. In ***Cruz***, after the police officers initiated their cruiser's sirens and lights, they observed the appellant, who was driving, moving sideways toward the passenger side of the vehicle, and upon questioning, the appellant exhibited guilt by giving the officers several names and birthdates. ***Id.*** at 1253. Accordingly, under the totality of the circumstances, this Court held "the trial court was justified in concluding that [the] appellant had knowledge of the gun, had the power and intent to exercise control of the gun, and, therefore, had constructive possession of the gun." ***Id.***

Similarly, we conclude in the case *sub judice*, under the totality of the circumstances and viewing the evidence in the light most favorable to the Commonwealth as verdict winner, the evidence sufficiently establishes that Appellant had knowledge of the firearm, had the power and intent to exercise control of the firearm, and thus, he had constructive possession of the firearm. In this regard, as the trial court determined, Appellant was the only person in the vehicle, and although he initially gave the police permission to search the vehicle, he fled when Officer Brown advised Officer Davis to handcuff him (prior to Officer Brown announcing what he had discovered in the vehicle). **See** Trial Court Opinion, filed 8/11/16, at 4. Thus, similar to **Cruz**, we conclude that the evidence was sufficient for a finding of constructive possession with regard to the firearm.[6] **See Cruz**, **supra**; **Commonwealth v. Hargrave**, 745 A.2d 20 (Pa.Super. 2000)

_____

[6] In support of his argument that the evidence was insufficient to sustain a finding of constructive possession, Appellant relies solely upon **Commonwealth v. Chenet**, 473 Pa. 181, 373 A.2d 1107 (1977); however, we conclude **Chenet** is distinguishable.

In **Chenet**, the police were waiting for the appellant at his home when he arrived driving his attorney's car, which he had just picked up in order to repair. The police asked the appellant for permission to search the vehicle, and he refused to give consent. **See id.** A subsequent search pursuant to a warrant revealed two marijuana cigarettes in the console between the front seats. Based upon these facts, our High Court concluded the evidence was insufficient to conclude the appellant constructively possessed the drugs. **See id.**

In the case *sub judice*, unlike in **Chenet**, Appellant displayed a consciousness of guilt when he fled, which, similar to the evidence of consciousness of guilt displayed by the appellant in **Cruz**, **supra**, may be considered in analyzing the sufficiency of the evidence.

(holding flight indicates consciousness of guilt which may be considered, along with other evidence, to determine guilt).

In light of the aforementioned, we affirm.

Affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/28/2017