J-S31031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: A.D.H., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: A.D.H., A MINOR | : : : : : : : | No. 1448 WDA 2018 |

Appeal from the Order Dated August 30, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-JV-0000563-2018

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED SEPTEMBER 12, 2019**

A.H. appeals from the dispositional order entered following his adjudication of delinquency for possession of a small amount of marijuana. 35 P.S. § 780-113(a)(31). He argues the Commonwealth failed to establish he constructively possessed marijuana. We affirm.

A.H. was charged with possession of a small amount of marijuana. At an adjudicatory hearing, Officer Roger Krawchyk testified that in March 2018, he received a call from dispatch that juveniles were smoking marijuana in a vehicle parked at a specific intersection. N.T., 8/30/18, at 5. Officer Krawchyk and his partner went to the location and found the vehicle. *Id.* The officers walked to the car, and both the driver and passenger opened their doors. *Id.* Officer Krawchyk could smell marijuana coming from the vehicle. *Id.*

When asked, the driver told the officers he did not know who owned the vehicle. *Id.* Officer Krawchyk's partner ran the vehicle's license plate and learned the vehicle was stolen. *Id.* at 5-6. The officers then called for backup.

When additional officers arrived, the officers asked the vehicle occupants to exit. *Id.* at 6. When the driver got out, a blunt fell from his lap onto the driver-side floorboard. *Id.* at 7, 14. The officers searched the car and found another blunt on the passenger-side floorboard. *Id.* at 7-8. A.H. had been sitting in the front passenger seat. *Id.* at 8-9. The officers also found a blue plastic container that looked "like a pop can" in the front passenger-side door. *Id.* at 8. The container had two sealed baggies of marijuana, and one opened bag of marijuana. *Id.* The container was opaque, but in plain view and only accessible from the passenger seat. *Id.* at 9. Officer Krawchyk testified that "anybody in the backseat would have had to reach over [A.H.] to get to the door." *Id.* The marijuana found in the car, including the blunts, had not been smoked. *Id.* at 8.

A.H. gave his correct name and date of birth to Officer Krawchyk, and informed the officers he had absconded. *Id.* at 12.

The trial court adjudicated A.H. delinquent of possession of a small amount of marijuana. *Id.* at 21. A.H. filed a Post-Dispositional Motion, which the trial court denied. A.H. filed a timely Notice of Appeal.

A.H. raises the following issue on appeal:

> Whether the evidence was insufficient to prove that A.H. constructively possessed marijuana where the Commonwealth established only that A.H. was sitting in a

> car with multiple other people, and marijuana was eventually discovered in the car?

A.H.'s Br. at 5.

We review a challenge to the sufficiency of the evidence *de novo*. ***Commonwealth v. Chambers***, 188 A.3d 400, 409 (Pa. 2018). "To determine if the evidence was sufficient to support a guilty verdict, we view the evidence in the light most favorable to the Commonwealth, as verdict-winner, and draw all reasonable inferences in the Commonwealth's favor." ***Commonwealth v. Hall***, 199 A.3d 954, 960 (Pa.Super. 2018). "We then ask whether the evidence was sufficient to permit a jury to find each and every element of the crimes charged beyond a reasonable doubt." ***Id.*** (citing ***Commonwealth v. Hoffman***, 198 A.3d 1112, 1118 (Pa.Super. 2018)). The Commonwealth may sustain its burden with wholly circumstantial evidence, and we defer to the finder of fact in matters of credibility. ***Id.*** (citing ***Commonwealth v. Hewlett***, 189 A.3d 1004, 1008 (Pa.Super. 2018)).

To sustain an adjudication for possession of a small amount of marijuana, the Commonwealth must establish the defendant knowingly or intentionally possessed marijuana. ***See*** 35 P.S. § 780–113(a)(31).

Because A.H. was not in physical possession of the marijuana, the Commonwealth was required to establish he had constructive possession. ***Commonwealth v. Hopkins***, 67 A.3d 817, 820 (Pa.Super. 2013). "'Constructive possession' is 'the ability to exercise a conscious dominion over' the contraband." ***Hall***, 199 A.3d at 961 (quoting ***Commonwealth v. Vargas***, 108 A.3d 858, 868 (Pa.Super. 2014)). "Constructive possession requires proof

that the defendant had knowledge of the existence and location of the item." *Id.* The Commonwealth may prove knowledge circumstantially, that is, "it may prove that the defendant had knowledge of the existence and location of the items at issue 'from examination of the totality of the circumstances surrounding the case,' such as whether the contraband was located in an area 'usually accessible only to the defendant.'" *Id.* (quoting **Commonwealth v. Thompson**, 428 A.2d 223, 224 (Pa.Super. 1981)).

A.H. argues that he was merely present at the scene, and mere presence does not establish constructive possession. He contends that the Commonwealth only established that he was in a car and seated near the marijuana, and it did not prove A.H. knew the drugs were near him. He argues he was cooperative with the police officers, and made no movements or statements suggestive of knowledge. He further argues that there was no evidence he knew of the container or its contents or knew that the blunt was on the floor.

A.H. relies on **Commonwealth v. Chenet**, 373 A.2d 1107 (Pa. 1977). In **Chenet**, police obtained a search warrant to search Chenet's trailer. No one was home when the police arrived. *Id.* at 1108. After Chenet's roommate and his girlfriend arrived, the police searched the trailer, and found "a few marijuana seeds on the kitchen floor, marijuana cigarette butts in an ashtray in the living room[,] and a 'baggie' containing marijuana residue in the living room." *Id.* The officers also found 80 grams of marijuana in a milk delivery box attached to the trailer hitch. *Id.* After the search, the officers remained

at the trailer until Chenet arrived. *Id.* They obtained a second warrant to search the car he was driving, which belonged to his attorney. *Id.* The officers found two marijuana cigarettes in the console between the front seats. *Id.*

The Pennsylvania Supreme Court found there was insufficient evidence to support a finding that Chenet possessed the narcotics. It reasoned that the narcotics found in the trailer were found in areas "equally accessible to [Chenet's] roommate and his girlfriend." *Id.* at 1109. Further, the court reasoned that the car did not belong to Chenet, and the Commonwealth failed to prove Chenet knew about and was in possession of the marijuana found in the car. *Id.*

Here, unlike in *Chenet*, the adjudication was not based on A.H.'s mere presence at the scene. Rather, the Commonwealth presented evidence that A.H. was in the front passenger seat of a vehicle, and that Officer Krawchyk could smell marijuana when the driver and passenger opened the car doors. Further, the officers found a marijuana blunt on the front passenger-side floorboard and a container that had two sealed bags of marijuana and one open bag of marijuana in an area only accessible by the front-seat passenger, that is, A.H. The container was opaque, but the Commonwealth was not required to prove A.H. could see the marijuana to establish possession. *See, e.g. Commonwealth v. Stembridge*, 579 A.2d 901, 905 (Pa.Super. 1990) (concluding evidence sufficient to establish constructive possession of contraband found under passenger seat). A.H.'s cooperation with police officers does not require a finding of no knowledge. Rather, as with any

possession case, the facts must be viewed in the totality of the circumstances. *See, e.g., Commonwealth v. Kirkland*, 831 A.2d 607, 610 (Pa.Super. 2003) (stating "intent to exercise conscious dominion can be inferred from the totality of the circumstances"); *Hall*, 199 A.3d at 961. Here, the Commonwealth established knowledge and control through the blunt on the floor in front of A.H.'s seat, the smell of marijuana emanating from the car, and the location of the container, which, at the relevant time, was readily accessible only to A.H.

We affirm.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/12/2019