J-S46015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN WILLIAMS | |
| Appellant | No. 1802 EDA 2014 |

Appeal from the Judgment of Sentence January 16, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002781-2011

BEFORE: MUNDY, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.:                **FILED NOVEMBER 06, 2015**

Appellant, Kevin Williams, appeals from the January 16, 2014 aggregate judgment of sentence of 35 to 70 years' incarceration, imposed after a jury found him guilty of murder of the third degree, conspiracy, and three counts of robbery.[1] After careful consideration, we affirm.

The trial court summarized the factual circumstances surrounding the crimes charged as follows.

On October 20, 2010, Appellant, Kevin Williams, invited co-defendant, Dawud Abdul-Hakim (Abdul-Hakim), and an unidentified male to smoke weed in his car. While sitting in Appellant's car, Abdul-Hakim said he wanted to try to [r]ob somebody before he went home, and the unidentified male wanted to do the same. Abdul-Hakim had a .40 caliber Glock pistol on his person.

---

[1] 18 Pa.C.S.A. §§ 2502(c), 903, and 3701(a)(1)(i), respectively.

At approximately 11:20 PM, Appellant was driving west on Jackson Street in the City and County of Philadelphia when Abdul-Hakim suggested they [r]ob three (3) men they saw walking north on Second Street towards Jackson Street. The three (3) men walking north on Second Street were childhood friends Jason Moncrief (Moncrief), Andrew Lillie (Lillie), and Decedent, Anthony DeMarco Jr. (DeMarco). The unidentified male told Appellant to stop the car, said he would be right back, and instructed Appellant to stay there. Abdul-Hakim and the unidentified male exited Appellant's car on to the sidewalk ahead of Moncrief, Lillie, and DeMarco, and walked slowly so the three (3) men could catch up. Appellant backed his car onto nearby Philip Street where he could see Moncrief, Lillie, DeMarco, Abdul-Hakim, and the unidentified male. Appellant kept his car running in the middle of Philip Street and turned off his headlights.

As the two (2) groups converged, the unidentified male grabbed Moncrief and Abdul-Hakim grabbed DeMarco, holding DeMarco at gunpoint. The unidentified male and Abdul-Hakim directed Moncrief, Lillie, and DeMarco to give up their money, whereupon the unidentified male went into the pockets of Moncrief and retrieved $50. DeMarco refused to comply and was hit in the back of the neck with the gun by Abdul-Hakim. DeMarco then began to fight Abdul-Hakim, punching him repeatedly and wrestling Abdul-Hakim to the ground. During the fight Abdul-Hakim dropped the gun. The unidentified male picked up the gun, told DeMarco to get off of Abdul-Hakim, then fired six (6) shots at DeMarco, hitting him four (4) times and hitting Abdul-Hakim once (1) in the left hip. Lillie and Moncrief subsequently ran south on Second Street, Appellant drove west on Jackson Street, while Abdul-Hakim and the unidentified male ran west on Jackson Street.

DeMarco was shot one (1) time in the left flank; one (1) time in the left hip; one (1) time in the mid back, where the bullet fractured a vertebra,

> then passed through the thorax, esophagus, heart and sternum, and one (1) time in the upper left back, injuring his left lung. De[M]arco was transported to Thomas Jefferson University Hospital, where he was pronounced dead at 12:07 AM by Dr. Jenoff. An autopsy was performed by Assistant Medical Examiner Dr. Aaron Rosen, who determined the cause of death was multiple gunshot wounds. The manner of death was found to be homicide. At the time of his arrest, Appellant made a detailed statement after receiving his Miranda warnings.

Trial Court Opinion, 11/10/14, at 2-4.

Appellant was subsequently arrested and charged by criminal complaint filed on November 13, 2010. The case proceeded to a jury trial, consolidated with co-defendant Abdul-Hakim on October 1, 2012, which resulted in a mistrial, as the jury was unable to reach a unanimous verdict. Appellant and Abdul-Hakim were retried commencing November 20, 2013. At the conclusion of the trial on November 26, 2013, the jury returned a verdict, finding Appellant guilty of the previously mentioned crimes.[2] A sentencing hearing was held on January 16, 2014, at which the trial court sentenced Appellant to a term of incarceration of 20 to 40 years on the third-degree murder count, a consecutive term of incarceration of 10 to 20 years on the robbery count pertaining to victim DeMarco, and a consecutive term of incarceration of 5 to 10 years on the conspiracy count. The trial court imposed two concurrent terms of incarceration of 5 to 10 years on the

---

[2] On January 7, 2014, current counsel entered her appearance on behalf of Appellant, replacing Appellant's trial counsel.

remaining robbery counts, resulting in an aggregate sentence of 35 to 70 years' incarceration.

On January 23, 2014, Appellant filed a post-sentence motion, wherein he challenged certain issues alleging trial counsel's ineffectiveness, and challenging the sufficiency of the evidence and the weight of the evidence. Post-Sentence Motion, 1/23/14, at 1-2. Notice that the motions were denied by operation of law was sent and docketed by the Clerk of Courts on May 27, 2014. Thereafter, Appellant filed a timely notice of appeal on June 18, 2014.[3]

On appeal, Appellant presents the following issues for our review.

> I. Was the evidence sufficient to support Appellant's convictions for third-degree murder, conspiracy to commit murder, and two counts of robbery where the Commonwealth's evidence failed to establish that he entered into an agreement with the principals to commit murder?
>
> II. Were Appellant's convictions supported by the clear weight of the evidence where the Commonwealth's principal eyewitness to the shooting lied to the police when he failed to identify co-defendant Abdul-Hakim at a lineup and also falsely claimed that eyewitness Andrew Lillie was not impaired at the time of the shooting?
>
> III. Did the [trial] court abuse its discretion in sentencing Appellant to a manifestly excessive aggregate sentence of 35 to 70 years['] incarceration where it failed to consider any mitigation evidence

---

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

and additionally failed to provide any statement of the reasons for its sentence on the record?

IV.    Is Appellant entitled to a new sentencing hearing based on this Court's determination that 42 Pa.C.S. § 9712, the mandatory-minimum statute under which he was sentenced, is unconstitutional?

Appellant's Brief at 5-6.

Appellant first challenges the sufficiency of the evidence underlying his conviction on all charges. *Id.* at 14. Appellant notes the Commonwealth's theory of his culpability was as a co-conspirator with the primary perpetrators of the robbery and shooting. *Id.* Appellant avers as follows.

> [B]ecause there was no evidence that [Appellant] entered into an agreement to commit murder with [] Abdul-Hakim or the second unnamed principal, his convictions for homicide and conspiracy to commit murder cannot stand. Further, [] because he did not directly participate in the robbery of [] DeMarco or his friends, and because the jury found him not guilty of two counts of general conspiracy, there is no competent evidence to support his conviction for two counts of robbery.

*Id.*

Our review of a challenge to the sufficiency of the evidence is bound by the following standard and scope of review. "A claim impugning the sufficiency of the evidence presents us with a question of law." *Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014) (citation omitted), *appeal denied*, 95 A.3d 275 (Pa. 2014).

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the

- 5 -

verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Fabian*, 60 A.3d 146, 150-151 (Pa. Super. 2013)

(citation omitted), *appeal denied*, 69 A.3d 600 (Pa. 2013).

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the [finder of fact] of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Kearney*, 92 A.3d 51, 64 (Pa. Super. 2014) (citation

omitted), *appeal denied*, 101 A.3d 102 (Pa. 2014).

Instantly, however, Appellant has waived his insufficiency of the

evidence claim. The text of Rule 1925(b) requires an appellant's concise

statement to "identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). Any issues not raised in accordance with Rule 1925(b)(4) will be deemed waived. ***Id.*** at 1925(b)(4)(vii). "An overly vague or broad Rule 1925 statement may result in waiver." ***Majorsky v. Douglas***, 58 A.3d 1250, 1258 (Pa. Super. 2012) (citation omitted), *appeal denied*, 70 A.2d 811 (Pa. 2013), *cert. denied*, 134 S. Ct. 910 (2014). "In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." ***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013) (citation omitted). "Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its [Rule 1925(a)] opinion." ***Commonwealth v. Thompson***, 93 A.3d 478, 490 (Pa. Super. 2014) (citations omitted). "[T]he courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*." ***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011).

Instantly, rather than identifying the specific elements of the particular charges at issue in his Rule 1925(b) statement, Appellant merely makes a

bald assertion of insufficiency as follows. "There was insufficient evidence to support the conviction for all charges." Appellant's Statement of Matters Complained of on Appeal, 7/10/14, at 1, ¶ 1. This overly broad claim fails to comply with the requirements of Rule 1925(b). *See Garland*, *supra*. Accordingly, we conclude Appellant has waived the issue on appeal. *See Flores*, *supra*.[4]

Appellant next argues the trial court erred in denying his post-sentence challenge to the weight of the evidence and refusing to grant a new trial. Appellant's Brief at 22. We are mindful of the following standard of review we employ when addressing a challenge to the weight of evidence on appeal.

"A motion for a new trial alleging that the verdict was against the weight of the evidence is addressed to the discretion of the trial court." *Commonwealth v. Diggs*, 949 A.2d 873, 879 (Pa. 2008), *cert. denied*, *Diggs v. Pennsylvania*, 556 U.S. 1106 (2009).

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:
>
> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the*

---

[4] Even if we were to consider Appellant's claim, we would deem it devoid of merit. Appellant's confession and the ample corroborating evidence clearly supports the jury's conclusion that Appellant possessed the requisite intent to conspire with his co-perpetrators in the instant crimes.

> ***weight of the evidence****.*  Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence.

***Commonwealth v. Best***, 120 A.3d 329, 345 (Pa. Super. 2015) (citations omitted; emphasis original).

> In reviewing the entire record to determine the propriety of a new trial, an appellate court must first determine whether the trial judge's reasons and factual basis can be supported.  Unless there are facts and inferences of record that disclose a palpable abuse of discretion, the trial judge's reasons should prevail.  It is not the place of an appellate court to invade the trial judge's discretion any more than a trial judge may invade the province of a jury, unless both or either have palpably abused their function.
>
> To determine whether a trial court's decision constituted a palpable abuse of discretion, an appellate court must "examine the record and assess the weight of the evidence; *not however, as the trial judge, to determine whether the preponderance of the evidence opposes the verdict, but rather to determine whether the court below in so finding plainly exceeded the limits of judicial discretion and invaded the exclusive domain of the jury.*"  Where the record adequately supports the trial court, the trial court has acted within the limits of its judicial discretion.

***Commonwealth v. Clay***, 64 A.3d 1049, 1056-1057 (Pa. 2013) (emphasis added), *quoting* ***Commonwealth v. Brown***, 648 A.2d 1177, 1190 (Pa. 1994).  "[T]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the

credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact." ***Commonwealth v. Shaffer***, 40 A.3d 1250, 1253 (Pa. Super. 2012) (citation omitted). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." ***Commonwealth v. Brown***, 23 A.3d 544, 557-558 (Pa. Super. 2011) (*en banc*) (citations and internal quotation marks omitted).

Appellant's claim in this case centers on the supposed dishonesty of one of the victim-witnesses and the impairment of the other at the time of the robbery. Appellant's Brief at 23-24.

> [T]he testimony of [] Moncrief, the Commonwealth's principal witness, was wholly unreliable based on [] Moncrief's failure to implicate Abdul-Hakim at a pre-trial lineup and his false claim that eyewitness Andrew Lillie was not under the influence at the time of the shooting. Mr. Moncrief's dishonesty and lack of candor during both the police investigation of the crime and his trial testimony so undermines confidence in the verdicts that a new trial is required in the interests of justice.

***Id.*** at 22-23.

In its Rule 1925(a) opinion, the trial court carefully reviewed the testimony and evidence received at trial as it related to Appellant's convictions.

> In a statement to police, Appellant said he knew Abdul-Hakim and the unidentified male intended to commit the crime of [r]obbery, and drove the two

men while they were looking [for] a victim. When Abdul-Hakim and the unidentified male found specific targets for the crime in DeMarco, Lillie, and Moncrief, Appellant complied with the unidentified male's request to stop the car to allow Abdul-Hakim and the unidentified male to exit and that Appellant wait for them to return. In furtherance of the [c]onspiracy, Appellant backed onto nearby Philip Street, kept his car running and turned off his headlights to wait for Abdul-Hakim and the unidentified male. Indeed, Appellant did not move from that spot until DeMarco was shot. Appellant's statement was corroborated by Robert Daly, who testified at trial that he saw Appellants car with its headlights off driving in the same direction as Abdul-Hakim and the unidentified male. Additionally, a home security camera at Third and Jackson Streets captured Appellant and Abdul-Hakim both fleeing from the scene, Appellant driving and Abdul-Hakim on foot.

Trial Court Opinion, 11/10/14, at 5-6 (citations omitted). The trial court determined the jury's verdict did not shock the conscience of the trial court. *Id.* at 8.

Upon a thorough review of the record, we conclude that the record amply supports the trial court's determinations and that Appellant's assertions are baseless. Relative to Appellant's attack on the credibility of the witnesses, the trial court noted, "[t]he finder of fact is free to believe all, part, or none of the evidence and to determine the credibility of witnesses." *Id.* at 8; *see Shaffer*, *supra*. Further, Appellant's assertion that Moncrief was dishonest is far from self-evident. Although previously acquainted with Abdul-Hakim, Moncrief's inability to identify him as a perpetrator of the crime is perfectly consistent with the circumstances surrounding the

robbery. It was dark, Abdul-Hakim's face was obscured by a pulled-up hood, and Abdul-Hakim was primarily engaged in the struggle with DeMarco. N.T., 11/21/13, at 40-63; N.T., 11/22/13, at 3-35. Further, any discrepancies in the witnesses' accounts do not negate the evidence of Appellant's confession and the eyewitness and video evidence of him fleeing the scene. N.T., 11/21/13, at 13-27. Consequently, we discern no abuse of discretion by the trial court in determining the verdict was not contrary to the weight of the evidence and in refusing to grant Appellant a new trial.

Appellant's third allegation of error, that the trial court abused its discretion in imposing a manifestly excessive sentence, is a challenge to the discretionary aspects of his sentence. Appellant's Brief at 25. We conclude Appellant has waived this issue on appeal.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*) (citation omitted), *appeal denied*, 75 A.3d 1281 (Pa. 2013).

> An appellant challenging the discretionary aspects of [her] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) **whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence** …; (3) whether appellant's brief

> has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (internal quotation marks and citations omitted; emphasis added).

Instantly, Appellant has failed to preserve the issue at the time of sentencing or in a post-sentence motion. Appellant did file a post-sentence motion, but did not include therein any challenge to his sentence.[5] *See* Post-Sentence Motions, 1/23/14, at 1-2. Therefore, we conclude Appellant has waived his challenge to the discretionary aspects of sentence in this appeal. *See Moury*, *supra*.

Appellant's final issue is a challenge to the legality of his sentence. Appellant claims the trial court applied the mandatory minimum sentences, under 42 Pa.C.S.A. § 9712, to his robbery convictions. Appellant's Brief at 32. Citing this Court's recent decisions in *Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015), and *Commonwealth v. Valentine*, 101 A.3d 801, 811-812 (Pa.

---

[5] We note, in its November 10, 2014 opinion, the trial court states that, "Appellant filed a Petition for Reconsideration of Sentence and Post Sentence Motions" on January 22, 2012. Trial Court Opinion, 11/10/14, at 1. Appellant also references such filings in his appellate brief. Appellant's Brief at 7. Contrastingly, the Commonwealth claims that Appellant did not challenge his sentence before the trial court. Commonwealth's Brief at 15. Our review of the certified record discloses that a petition for reconsideration of sentence was not a part of Appellant's post-sentence motions and no other petition was, in fact, docketed or included in the record.

Super. 2014), determining Section 9712 is unconstitutional in its entirety as violative of the United States Supreme Court's decision in **Alleyene v. United States**, 133 S. Ct. 2151 (2013), Appellant claims he is entitled to resentencing. **Id.** at 33-35. We conclude Appellant is mistaken in his underlying premise that the trial court imposed his robbery sentences under Section 9712.

Our review of the record discloses that no notice was given by the Commonwealth at any time prior to sentencing of its intention to seek the application of Section 9712's mandatory sentence against Appellant. Such a notice is a prerequisite to a trial court's application of Section 9712.

> **§ 9712. Sentences for offenses committed with firearms**
>
> …
>
> **(b) Proof at sentencing.--**Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section **shall** be provided after conviction and before sentencing. **The applicability of this section shall be determined at sentencing**. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable

42 Pa.C.S.A. § 9712(b) (emphasis added). "[R]easonable notice is required of the Commonwealth's intention to proceed under the section before sentencing." **Commonwealth v. Saksek**, 522 A.2d 70, 72 (Pa. Super.

- 14 -

1987). Similarly, our review of the sentencing proceeding reveals that no mention of Section 9712 or of mandatory sentences was made by the Commonwealth, Appellant, or the trial court during sentencing.[6] Absent application of the mandatory minimum under Section 9712, the legality of Appellant's sentence is not implicated. Accordingly, we conclude Appellant is due no relief on this issue.[7]

To recapitulate, we conclude Appellant has waived his challenge to the sufficiency of the evidence underlying his convictions for failure to include the issue in his Rule 1925(b) statement with adequate specificity. Appellant has also waived his challenge to the discretionary aspects of his sentence for failure to raise the issue below at sentencing or in a post-sentence motion.

---

[6] By contrast, in the companion appeal from Appellant's co-defendant Abdul-Hakim, the record was clear that the Commonwealth sought application of the Section 9712 mandatory for his robbery convictions and the same was acknowledged during his sentencing hearing. **See Commonwealth v. Hakim-Abdul**, --- A.3d ---, 1485 EDA 2014 (Pa. Super. 2015) (unpublished memorandum).

[7] As argued by the Commonwealth, even if Section 9712 was at issue in this case, we note that the 10 to 20 year sentence on the robbery charge connected to DeMarco would not be affected. **See** Commonwealth's Brief at 18-19. We have recently held that when a trial court sentences in excess of a mandatory minimum sentence, the legality of any mandatory minimum statue is not at issue. **Commonwealth v. Zeigler**, 112 A.3d 656, 662 (Pa. Super. 2015). Further, as related to Appellant's remaining robbery sentences, the trial court imposed them concurrent to the rest of Appellant's sentence. Consequently, any relief would not alter Appellant's aggregate sentence and no remand would be necessary. If our decision [granting relief on a sentencing challenge] does not alter the overall [sentencing] scheme, there is no need for a remand." **Commonwealth v. Thur**, 906 A.2d 552, 569-570 (Pa. Super. 2006), *appeal denied*, 949 A.2d 687 (Pa. 2008).

Further, we discern no abuse of discretion by the trial court in denying Appellant's request for a new trial on the basis the verdict was against the weight of the evidence. Finally, Appellant's challenge to the legality of his robbery sentences fails, because the trial court did not apply Section 9712 when sentencing Appellant.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2015