**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Reginald TAYLOR, Appellant.**

Superior Court of Pennsylvania.

Argued May 13, 2003.
Filed Aug. 21, 2003.

Joseph M. Cosgrove, Forty Fort, for appellant.

Frank P. Barletta, Asst. Dist. Atty., Wilkes–Barre, for Com., appellee.

BEFORE: STEVENS, LALLY–GREEN, and KLEIN, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Luzerne County on January 17, 2002, following Appellant's conviction by a jury on two counts of robbery[1] and one count of theft.[2] We dismiss without prejudice pursuant to *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), and, in all other respects, affirm the judgment of sentence.

¶ 2 The pertinent facts of this case were aptly summarized by the trial court as follows:

On or about 4:08 P.M., Chief Fred Nichols (Chief) was advised by the Luzerne County Communications Center of a robbery in progress at the Penn Mart Store (Store), 7 West Union Street, Shickshinny, Luzerne County, Pennsylvania. While en route to the scene, the Chief passed and observed a number of vehicles, including a large white panel truck with Salvation Army markings on the side. When he arrived at the Store, the Chief interviewed Penny Sprague (Sprague) who was the clerk on duty at the time. According to Sprague, a six-foot black male, medium build with short black hair entered the Store, requested and completed an employment application. As he handed the application to Sprague, he came around the counter and pushed a hard, blunt object into her side and demanded 'all your fucking money.' She opened the register, gave the person the bills, at which point he grabbed her arm, turned her around and pushed her into the back room where a safe was located. At that point she gave the assailant money kept for the next shift from an unlocked portion of the safe. The assailant placed the money in a change bag which was on top of the

---

**1.** 18 Pa.C.S.A. § 3701(a)(1)(ii) and (a)(1)(v).   **2.** 18 Pa.C.S.A. § 3921(a).

safe and exited the Store. Sprague testified that although she never saw a weapon, she did feel the hard object pressed against her for a few moments and that during the robbery she was scared and believed she was going to be killed. After the intruder left, she called 911 and the Chief responded.

Three days after the incident Sprague was shown a photo array from which she identified [Appellant] Taylor as the intruder at the Penn Mart.

Opinion filed 5/24/02 at 2.

¶ 3 Appellant was charged with robbery and theft and, following a jury trial held in November of 2001, he was found guilty of the charges. On January 15, 2002, Appellant's counsel received notice from the Commonwealth that it intended to seek the imposition of a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9714. *See* N.T. 1/17/02 at 4. On January 17, 2002, finding the requirements of § 9714 to have been satisfied, the court sentenced Appellant to a ten (10) to twenty (20) year term of imprisonment. Appellant filed post-sentence motions, which, following an evidentiary hearing held on April 30, 2002, were denied by the court on May 24, 2002.[3] The present appeal followed.

¶ 4 In the present appeal, Appellant claims that: (1) the trial court erred in imposing a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9714; (2) the Commonwealth was precluded from seeking a mandatory minimum pursuant to § 9714 in that it failed to provide Appellant proper notification of its intent to do so; (3) there was insufficient evidence to sustain Appellant's conviction for robbery;

and (4) Appellant was denied effective assistance of trial counsel.

¶ 5 Before addressing Appellant's claims regarding sentencing, we will review his claim that there was insufficient evidence to support his conviction for robbery. This Court has stated that:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. DiStefano,* 782 A.2d 574, 582 (Pa.Super.2001) (internal citations and quotation marks omitted).

---

**3.** A review of the record indicates that Vito J. DeLuca, Esquire, Appellant's counsel at trial and sentencing, filed a motion for post-sentence relief on January 22, 2002. Attorney DeLuca also filed a motion for appointment of conflict counsel, which the court granted on January 24, 2002. John B. Pike, Esquire, who was named to represent Appellant in post-sentence matters, filed a supplemental post-sentence motion on February 12, 2002.

¶ 6 Robbery is defined by 18 Pa.C.S.A. § 3701, and the pertinent sections with which Appellant was found guilty provide as follows:

(1) A person is guilty of robbery if, in the course of committing a theft, he:

. . . .

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

. . . .

(v) physically takes or removes property from the person of another by force however slight.

18 Pa.C.S.A. § 3701(a)(ii) and (v).

¶ 7 A review of the testimony adduced at trial reveals that Ms. Sprague, who was working at the Penn Mart Store front counter when Appellant entered on the day in question, testified that Appellant put a hard object in her side and told her to give him all the money in the register. N.T. 11/27/01 at 9–10. After so complying, Appellant proceeded to grab her arm, twist her around, and push her into a back room, where a safe was located. *Id.* at 10–12. Upon being ordered to do so by Appellant, Ms. Sprague opened the safe, retrieved money therefrom, and handed the money to Appellant. *Id.* at 13.

¶ 8 Ms. Sprague testified that during the one to two minutes Appellant had the hard object pressed against her side, she was "[s]cared and frightened. [Her] life flashed before [her] eyes and [she] thought [she] would never see [her] child again." *Id.* at 15. Upon questioning by Commonwealth counsel, the following exchange transpired between counsel and Ms. Sprague:

Q. Now, did you think [Appellant] was doing to hurt you?

A. Yes, I did.

Q. Did you think he was going to kill you?

A. Yes.

Q. Why do you say that?

A. Because the tone of his voice was very strong and strict and I never heard a voice like that before. It scared me. *Id.*

■ ¶ 9 In the case *sub judice*, evidence presented by the Commonwealth indicates that Appellant pressed a hard object into Ms. Sprague's body, and demanded that she give him money from the register and the safe. We find that this was sufficient evidence for the jury, sitting as fact-finder and examining the evidence in its totality, to conclude that Appellant intentionally put Ms. Sprague in fear of immediate serious bodily injury, *See* 18 Pa.C.S.A. § 3701(a)(1)(ii), and physically took money from her by force, *See* 18 Pa.C.S.A. § 3701(a)(1)(v); and, thus, was guilty of robbery.

¶ 10 Turning to Appellant's claims regarding the imposition of a mandatory minimum sentence pursuant to 42 Pa. C.S.A. § 9714, he argues that his prior federal conviction did not constitute an "equivalent crime" under the statute and, therefore, a sentence imposed pursuant thereto was not permitted. Section 9714 provides, in pertinent part, as follows:

**§ 9714. Sentences for second and subsequent offenses**

**(a) Mandatory sentence.-**

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary.

. . . .

**(g) Definition.**–As used in this section, the term 'crime of violence' means murder of the third degree, voluntary manslaughter, aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) (relating to aggravated assault), rape, involuntary deviate sexual intercourse, aggravated indecent assault, incest, sexual assault, arson as defined in 18 Pa.C.S. § 3301(a) (relating to arson and related offenses), kidnapping, burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present, robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), or robbery of a motor vehicle, or criminal attempt, criminal conspiracy or criminal solicitation to commit murder or any of the offenses listed above, or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or **an equivalent crime in another jurisdiction.**

42 Pa.C.S.A. § 9714 (emphasis added).

¶ 11 A review of the record reveals that on February 12, 1991, Appellant pled guilty to armed bank robbery, 18 U.S.C. § 2113(a), (d), and possession of a firearm during and in relation to a crime of violence. 18 U.S.C. § 924(c)(1). Appellant argues that this prior federal conviction for armed bank robbery did not constitute an "equivalent crime" allowing for application of § 9714.

■ ¶ 12 We initially note that "the purpose of section 9714 is to deter violent criminal acts by imposing harsher penalties on those who commit repeated crimes of violence." *Commonwealth v. Eddings,* 721 A.2d 1095, 1100 (Pa.Super.1998). As set forth above, a "crime of violence" means, *inter alia,* robbery, as defined in 18 Pa.C.S.A. § 3701(a)(i), (ii), or (iii).

¶ 13 As discussed above, Appellant was convicted of robbery as defined in the following statute:

(1) A person is guilty of robbery if, in the course of committing a theft, he:

. . . .

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

. . . .

(iv) physically takes or removes property from the person of another by force however slight.

18 Pa.C.S.A. § 3701(a)(ii) and (v).

¶ 14 Bank robbery, the federal offense with which Appellant was convicted, is set forth in 18 U.S.C. § 2113, which states, in relevant part, as follows:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association;

. . . .

Shall be fined under this title or imprisoned not more than twenty years, or both.

. . . .

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(a), (d).

■ ¶ 15 Recently, this Court has reiterated that "[a]n equivalent offense is that

which is **substantially** identical in nature and definition as the out-of-state or federal offense when compared to the Pennsylvania offense." *Commonwealth v. Miller,* 787 A.2d 1036, 1039 (Pa.Super.2001) (citations omitted) (emphasis added). As evidenced by a review of the above statutes, the elements of both include an individual's resort to force or intimidation in the presence of another to take that which does belong to the individual. The conduct prohibited by both statutes, the resort to such force and intimidation to accomplish the individual's purpose of taking, is the same.[4] *See United States v. DeLeo,* 422 F.2d 487 (1st Cir.1970). Consequently, we find that the crimes in question are equivalent within the meaning and purpose of 42 Pa. C.S.A. § 9714, and, thus, as directed by the trial court, the mandatory sentencing provisions of § 9714 are applicable thereto.

¶ 16 Appellant further contends that the trial court's citation to a portion of § 9714 that was declared unconstitutional renders the court's opinion deficient and suspect. A review of the court's opinion indicates that the court, in quoting a portion of the statute in question, quoted the language that was striken as unconstitutional in *Commonwealth v. Butler,* 563 Pa. 324, 760 A.2d 384 (2000). However, at the time of sentencing the court recognized that the statute was changed because a provision therein was deemed unconstitutional. *See* N.T. 1/17/02 at 10. Although Appellant argues that it is unclear whether the trial court misapplied the unconstitutional provision in its analysis, there is no indication that, given the court's awareness thereof, such provision was applied in the case *sub judice.* Therefore, we find Appellant's contention that the court's opinion is deficient and suspect to be without merit.

¶ 17 Appellant also claims that the Commonwealth was precluded from seeking a mandatory sentence pursuant to 42 Pa. C.S.A. § 9714 in that it failed to provide him reasonable notice of its intent to do so. Section 9714 states, in pertinent part, that "reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing." 42 Pa.C.S.A. § 9714(d).

¶ 18 As did the trial court, we find guidance in *Commonwealth v. Saksek,* 361 Pa.Super. 173, 522 A.2d 70 (1987), in which the appellant argued, *inter alia,* that he was improperly sentenced under a mandatory sentencing statute because the Commonwealth failed to provide adequate notice of its intent to proceed under the statute. The appellant contended that notice given three days prior to sentencing was unreasonable. This Court disagreed noting that "[i]f appellant was truly uninformed of the possibility of the application of the statute and was still unprepared at the sentencing hearing to challenge application of the mandatory sentencing provision, he could have sought a continuance at that time." *Id.* at 72.

¶ 19 At the time of sentencing in the present case, which occurred on Thursday, January 17, 2002, upon inquiry by the court as to when Appellant's counsel received Commonwealth's notice of its intent to proceed pursuant to 42 Pa.C.S.A. § 9714, the following exchange transpired:

> THE COURT: Was that notice served on [Appellant] and if so when?
>
> MR. DELUCA: I received the notice by fax. I believe on Tuesday or Monday and I received it by mail, I believe, on Tuesday.

N.T. 1/17/02 at 4.

■ ¶ 20 As evidenced by the foregoing, Appellant received notice from the Com-

---

**4.** We find that the statutes in question are not divergent because 18 U.S.C. § 2113 requires

that the robbery be committed in an institution whose deposits are federally insured.

monwealth at least two days prior to sentencing, and, possibly, was given notice by fax three days prior thereto. At the time of sentencing, Appellant neither indicated that he was unprepared to challenge the application of § 9714, nor sought a continuance on the basis thereof. In fact, although Appellant's counsel set forth his position on the applicability of § 9714, he stated, *inter alia*, that "it is the burden of the Commonwealth of Pennsylvania to prove by preponderance of evidence that [§ 9714] applies and again we had no responsibility to respond today...." *Id.* at 11. We, therefore, agree with the trial court that the notice given Appellant was reasonable under the circumstances; and, thus, find Appellant's claim predicated on this basis to be without merit.

¶ 21 Finally, Appellant claims that counsel was ineffective in failing to investigate and present alibi evidence and failing to challenge the out-of-court photograph array identification. Since Appellant is raising ineffective assistance of counsel claims on direct appeal, we must determine whether or not the Supreme Court's decision in *Commonwealth v. Grant, supra,* applies. In *Grant,* the Supreme Court held that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Grant,* 572 Pa. at 67, 813 A.2d at 738. Consistent with *Grant,* this Court has adopted the practice of dismissing ineffective assistance of counsel claims without prejudice to afford defendants an opportunity to raise such claims in a post-conviction proceeding, thereby providing for the development of an appropriate record. *Commonwealth v. Carmichael,* 818 A.2d 508 (Pa.Super.2003). Recently, however, in *Commonwealth v. Hudson,* 820 A.2d 720 (Pa.Super.2003), this Court held, "*Grant* simply has no application where the issue was properly raised and decided by the trial court before the direct appeal process started." *Id.* at 724.

¶ 22 In the present case, Appellant did not raise in post-sentence proceedings the claim that counsel was ineffective for failing to challenge the out-of-court photograph array identification. Appellant did, however, raise, *inter alia,* the claim that trial counsel failed to investigate, interview, and present evidence in support of an alibi defense. In this regard, the hearing focused on Appellant's claim that individual's named Carey Kraynak, Marie, and Mike were identified by Appellant as potential alibi witnesses, and that trial counsel failed to interview these potential witnesses. The trial court heard testimony relative to this claim, addressed, and rejected this and other post-sentencing claims.

¶ 23 In the present appeal, Appellant fails to set forth the identity of the alibi witnesses that trial counsel allegedly failed to investigate and present at trial. Consequently, we cannot determine whether Appellant's present claim regarding counsel's failure in this regard was actually raised and decided by the trial court, *See Hudson, supra,* and we dismiss Appellant's ineffective assistance of counsel claims presented in this appeal without prejudice for Appellant to raise these in a post-conviction petition.

¶ 24 Judgment Of Sentence Affirmed; Jurisdiction Relinquished.