J. S62021/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                    :          PENNSYLVANIA
                                    :
                                    :
            v.                        :
                                    :
ANGEL NOEL MARTINEZ             :
                                    :
          APPELLANT          :      No. 51 MDA 2016

Appeal from the Judgment of Sentence December 4, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001104-2015

BEFORE: GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.:         **FILED SEPTEMBER 26, 2016**

Appellant, Angel Noel Martinez, appeals from the December 4, 2015 Judgment of Sentence entered in the Lancaster County Court of Common Pleas. After careful review, we affirm on the basis of the trial court's Opinion, which found that an eyewitness identification and corroborating testimony from two additional witnesses was sufficient evidence to support the jury's verdict.

The trial court summarized the relevant factual and procedural history as follows.

> On July 18, 2014, the Lancaster City Police Selective Enforcement Unit (SEU) conducted an undercover drug operation in Conestoga Pines Park using undercover Officer Richard Mendez. At approximately 8:15 p.m., Officer Mendez arranged to meet an individual by the name of "Bells" at the Park for purposes of buying heroin. Officer Mendez had purchased

narcotics from "Bells" at previous times and locations throughout the City.

Officer Mendez handed "Bells" $60.00 in pre-documented buy money. "Bells" immediately left Officer Mendez's vehicle and approached another group of subjects that were at a vehicle behind Officer Mendez's. Officer Mendez was able to continuously observe "Bells" and the other vehicle from his side view and rear view mirrors, while also turning around in his vehicle. He observed "Bells" approach Appellant and hand Appellant the money that he had just given "Bells". Appellant was seen going into the trunk of the car, reaching inside a backpack, and pulling out a small item.

"Bells" immediately returned to the driver's side of Officer Mendez's vehicle and handed the small item to Officer Mendez, which contained ten glassine bags, each containing a tan powder, which field tested positive for heroin. After some small talk with "Bells", Officer Mendez signaled the surveillance officers that he had a "good deal" and left the area. As a result of subsequent police investigation, "Bells" was identified as Quamell Waiters, and the other black male as Appellant.

As a result of this criminal activity, a criminal complaint was filed and an arrest warrant issued for Appellant on November 17, 2014. Appellant was ultimately arrested on December 20, 2014, and charged with possession with intent to deliver a controlled substance (PWID), 35 P.S. § 780-113(a)(30), and criminal conspiracy, 18 Pa. C.S.A. § 903(c).

On September 23, 2015, Appellant's case proceeded to a jury trial. On September 24, 2015, the jury found Appellant guilty of criminal conspiracy and PWID. A pre-sentence investigation was ordered and sentence[ing] was deferred until completion of the pre- sentence investigation report.

On December 4, 2015, Appellant received concurrent sentences of 22 months' to 6 years' incarceration on the charges of PWID and criminal conspiracy, plus fines and costs. Appellant was eligible for a RRRI sentence of 16-1/2 months' incarceration.

On December 8, 2015, Appellant filed a motion to modify sentence…. This post sentence motion was denied by Order of Court on December 9, 2015.

J. S62021/16

Appellant filed a direct appeal on January 7, 2016, with the Superior Court of Pennsylvania from the judgment of sentence imposed on December 4, 2015. Pursuant to this Court's directive, Appellant furnished a concise statement of errors on appeal[.]

Trial Court Opinion, filed 2/23/16, at 1-3.

On appeal, Appellant raises a single issue:

Was the evidence presented by the Commonwealth insufficient to sustain [Appellant's] convictions for delivery of heroin and criminal conspiracy to deliver heroin, where Sergeant Mendez did not have sufficient opportunity to observe and identify the suspect who delivered heroin to Mr. Waiters from over thirty feet away, and his identification was based upon suggestive photographs?

Appellant's Brief at 4.[1]

In reviewing the sufficiency of the evidence, our standard of review is

as follows:

The standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. The Commonwealth may sustain its burden of proving every element beyond a reasonable doubt by means of wholly circumstantial evidence.

---

[1] Appellant purports to challenge only the sufficiency of the identification evidence against him. He does not aver that the trial court erred in admitting Officer Mendez's identification testimony. To the extent that Appellant challenges the weight of the evidence in his Brief to this Court, Appellant waived such a claim by failing to raise it in his Pa.R.A.P. 1925(b) Statement. *See Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005).

> The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record. Therefore, we will not disturb the verdict unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Vogelsong*, 90 A.3d 717, 719 (Pa. Super. 2014) (citations and quotations omitted).

Specifically regarding the issue of identity, our Supreme Court has stated that:

> Proof beyond a reasonable doubt of the identity of the accused as the person who committed the crime is essential to a conviction. The evidence of identification, however, [need not] be positive and certain in order to convict, although any indefiniteness and uncertainty in the identification testimony goes to its weight. Direct evidence of identity is, of course, not necessary and a defendant may be convicted solely on circumstantial evidence.

*Commonwealth v. Hickman*, 309 A.2d 564, 566 (Pa. 1973) (citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the comprehensive and well-reasoned opinion of the trial court, we conclude that there is no merit to Appellant's claim. Accordingly, we affirm on the basis of the trial court's opinion, which (i) notes that "Officer Mendez testified unequivocally" at trial and was "100 percent sure" of his identification of Appellant; and (ii) catalogs the substantial

corroborating and circumstantial evidence supporting Officer Mendez's identification of Appellant. *See* Trial Court Opinion, at 3-8.

The parties are instructed to attach a copy of the trial court's Opinion, dated February 23, 2016, to all future filings.

Judgment of Sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2016

## IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
## C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA :

v. : No. 1104 - 2015

ANGEL NOEL MARTINEZ :

**OPINION SUR PA.R.A.P. 1925(a)**

BY: ASHWORTH, J., FEBRUARY 23, 2016

Angel Noel Martinez has filed a direct appeal to the Superior Court of Pennsylvania from the judgment of sentence imposed on December 4, 2015, as finalized by the denial of Appellant's post sentence motion on December 9, 2015. This Opinion is written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, and for the following reasons, this Court requests that this appeal be dismissed.

### I.    Background

The relevant facts and procedural history may be summarized as follows. On July 18, 2014, the Lancaster City Police Selective Enforcement Unit (SEU) conducted an undercover drug operation in Conestoga Pines Park using undercover Officer Richard Mendez. (Notes of Testimony, Trial (N.T.) at 62-65.) At approximately 8:15 p.m., Officer Mendez arranged to meet an individual by the name of "Bells" at the Park for purposes of buying heroin. (Id. at 66.) Officer Mendez had purchased narcotics from "Bells" at previous times and locations throughout the City. (Id. at 69.)

APPENDIX B

Officer Mendez handed "Bells" $60.00 in pre-documented buy money. (N.T. at 69.) "Bells" immediately left Officer Mendez's vehicle and approached another group of subjects that were at a vehicle behind Officer Mendez's. (Id. at 70.) Officer Mendez was able to continuously observe "Bells" and the other vehicle from his side view and rear view mirrors, while also turning around in his vehicle. (Id. at 70-71.) He observed "Bells" approach Appellant and hand Appellant the money that he had just given "Bells". (Id. at 71.) Appellant was seen going into the trunk of the car, reaching inside a backpack, and pulling out a small item. (Id. at 71-72.)

"Bells" immediately returned to the driver's side of Officer Mendez's vehicle and handed the small item to Officer Mendez, which contained ten glassine bags, each containing a tan powder, which field tested positive for heroin. (N.T. at 72, 124-25, 136.) After some small talk with "Bells", Officer Mendez signaled the surveillance officers that he had a "good deal" and left the area. (Id. at 73.) As a result of subsequent police investigation, "Bells" was identified as Quamell Waiters, and the other black male as Appellant. (Id. at 103-04.)

As a result of this criminal activity, a criminal complaint was filed and an arrest warrant issued for Appellant on November 17, 2014. Appellant was ultimately arrested on December 20, 2014, and charged with possession with intent to deliver a controlled substance (PWID), 35 P.S. § 780-113(a)(30), and criminal conspiracy, 18 Pa. C.S.A. § 903(c).

On September 23, 2015, Appellant's case proceeded to a jury trial. On September 24, 2015, the jury found Appellant guilty of criminal conspiracy and PWID.

2

A pre-sentence investigation was ordered and sentence was deferred until completion of the pre-sentence investigation report.

On December 4, 2015, Appellant received concurrent sentences of 22 months to 6 years' incarceration on the charges of PWID and criminal conspiracy, plus fines and costs. Appellant was eligible for a RRRI sentence of 16-1/2 months' incarceration.

On December 8, 2015, Appellant filed a motion to modify sentence based on the following grounds: (1) the sentence was "unreasonable and excessive and represent[ed] an abuse of discretion"; (2) the court "focused on the protection of the public and the advent of new criminal charges occurring after [Appellant's] conviction on the above-listed Docket"; and (3) the court "failed to consider [Appellant's] work history, volunteerism, and family obligations in fashioning the sentence." (See Motion to Modify at ¶¶ 6, 7, 10.) This post sentence motion was denied by Order of Court on December 9, 2015.

Appellant filed a direct appeal on January 7, 2016, with the Superior Court of Pennsylvania from the judgment of sentence imposed on December 4, 2015. Pursuant to this Court's directive, Appellant furnished a concise statement of errors on appeal which raises the following issue: whether the evidence was sufficient to sustain Appellant's convictions for delivery of heroin and criminal conspiracy to deliver heroin.

II.    Discussion

Appellant's sole issue on appeal is that the evidence presented by the Commonwealth was insufficient to sustain his convictions. Specifically, Appellant argues

3

> Officer Mendez did not have sufficient opportunity to observe the person who delivered heroin to Mr. Waiters over 30 feet away, mostly through the rear and side view mirror of his vehicle, in order to identify him. Furthermore, Officer Mendez's identification of [Appellant] was based upon suggestive photographs.

(Statement of Errors at ¶ 1.)

In evaluating an insufficiency of the evidence claim, a reviewing court must determine whether, when reviewing the entire trial record and all of the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each element of the offense charged was supported by the evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt. **Commonwealth v. Vandivner**, 599 Pa. 617, 627, 962 A.2d 1170, 1176 (2009); **Commonwealth v. Micking**, 17 A.3d 924, 925-26 (Pa. Super. 2011). In applying this test, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder. **Commonwealth v. Taylor**, 831 A.2d 661, 663 (Pa. Super. 2003). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." Id. Moreover, "[t]he Commonwealth may sustain its burden by proving the crime's elements with evidence which is entirely circumstantial and the trier of fact, who determines credibility of witnesses and the weight to give the evidence produced, is free to believe all, part, or none of the evidence." **Commonwealth v. Riley**, 811 A.2d 610, 614 (Pa. Super. 2002) (*quoting* **Commonwealth v. Brown**, 701 A.2d 252, 254 (Pa. Super. 1997)).

4

In order to convict a defendant of conspiracy, the trier of fact must find that: (1) the defendant intended to commit or aid in the commission of the criminal act; (2) the defendant entered into an agreement with another person or persons to engage in the crime; and (3) the defendant or one or more of the other co-conspirators committed an overt act in furtherance of the agreed upon crime. **Commonwealth v. Smith**, 604 Pa. 126, 142, 985 A.2d 886, 895 (2009) (*quoting* **Commonwealth v. Montalvo**, 598 Pa. 263, 274-75, 956 A.2d 926, 932 (2008)); *see also* 18 Pa. C.S.A. § 903. A criminal conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation. **Commonwealth v. Murphy**, 795 A.2d 1025, 1037-38 (Pa. Super. 2002).

The criminal act at issue in the instant matter is delivery of a controlled substance. This offense is defined by the legislature as:

> the . . . delivery, or possession with intent to . . . deliver, a controlled substance by a person not registered under [The Controlled Substance, Drug, Device and Cosmetic Act], or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering, or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30); **Commonwealth v. Murphy**, 577 Pa. 275, 284, 844 A.2d 1228, 1233 (2004). The term "delivery," as used in the above-quoted section, is defined by The Drug Act as "the actual, constructive, or attempted transfer from one person to another of a controlled substance. . . ." 35 P.S. § 780-102; **Murphy**, 577 Pa. at 284-85, 844 A.2d at 1233-34. A defendant "actually transfers" drugs whenever he physically conveys drugs to another person. **Murphy**, 577 Pa. at 285, 844 A.2d at 1234

5

(*citing* Black's Law Dictionary 1504 (7th ed. 1999)). A defendant "constructively transfers" drugs when he directs another person to convey drugs under his control to a third person or entity. Id. (*citing* Black's Law Dictionary 1503). The evidence offered at trial proved beyond a reasonable doubt that Appellant constructively transferred, or aided in the transfer of a controlled substance to another person, and further participated in a conspiracy to deliver drugs.

The Commonwealth's evidence at trial to support the conspiracy and drug delivery charges included the testimony of Officer Mendez, and the surveillance of Appellant by Detective Whiteford and Officer Nagy. This evidence, when considered in its entirety, clearly presented sufficient evidence from which the jury could conclude that Waiters and Appellant engaged in a controlled substance delivery for which they were charged.

Officer Mendez testified unequivocally that "there was no doubt that it was [Appellant]" who constructively delivered heroin to him through Waiters. (N.T. at 86.) He reiterated that he was "100 percent sure" that Appellant was "the gentleman that delivered [the heroin] to Bells" and then to him. (Id. at 87.) Yet, Appellant contends that "Officer Mendez did not have sufficient opportunity to observe the person who delivered heroin to Mr. Waiters over 30 feet away" (Id. at 79-80), and that "[his] identification of [Appellant] was based upon suggestive photographs." (Statement of Errors at ¶ 1.) Were Officer Mendez's testimony the only evidence implicating Appellant, these arguments would be more persuasive.

In fact, Officer Mendez's testimony was corroborated by the testimony of Detective Robert Whiteford and Officer Jason Hagy. Detective Whiteford was working

6

secondary surveillance with the SEU on July 18, 2014. (N.T. at 91.) After being informed of an undercover "buy-walk" drug deal in Conestoga Pines Park, he went ahead of Officer Mendez to set up a surveillance position. (Id.) Detective Whiteford observed Officer Mendez enter the Park and park his vehicle near a black sedan. (Id. at 94.) He observed an individual, identified as "Bells", enter the lot, approach Officer Mendez, then walk towards the black sedan and the group of individuals standing there. (Id. at 94-96.) "Bells" had a conversation with a "black male, light to medium complexion, wearing a white T-shirt, blue jean shorts, and a red and white baseball cap." (Id. at 96.) This individual appeared to reach inside the black sedan and pop the trunk. (Id.) Thereafter, the two men walked to the rear of the vehicle and the man with "Bells" reached into the trunk and pulled out a small item which he handed to "Bells". (Id. at 96-97.) "Bells" then walked to Officer Mendez's vehicle. (Id. at 97.) Soon thereafter Detective Whiteford was advised that a "good deal" had occurred. (Id.) While exiting the Park, Detective Whiteford obtained the registration plate for the black sedan. (Id.)

Later that same evening, "Bells" was observed by Detective Whiteford in another part of the City. (N.T. at 98.) He notified the other officers working the detail, and "Bells" was stopped and identified as Quamell Waiters. (Id.)

Detective Whiteford took further efforts to identify the other individual at the car with Waiters. (N.T. at 98.) A check of the registration plate revealed a male owner by the name of Carlif Green. (Id. at 99.) Detective Whiteford did a check on that name through a database in social media and came up with multiple photographs. (Id.) From a photograph apparently taken during a pool party at the Conestoga Pines Pool on July

7

18, 2014, from 5:00 to 9:00 p.m., Detective Whiteford and Officer Mendez were able to positively identify Appellant in the exact clothing he was described as wearing by both officers.[1] (Id. at 101-05; Commonwealth Exhibit Nos. 4 & 5.)

Officer Hagy was the primary surveillance officer on July 18, 2014. (N.T. at 116-17.) Although he was not able to visually see the drug transaction in Conestoga Pines Park, he monitored Officer Mendez's conversations with "Bells" by wire. (Id. at 117, 119-20.) Following the "buy-walk" drug deal, Officer Hagy received the following description of the suspect from Officer Mendez, which he noted in the surveillance log: "black male, light to medium complexion, white shirt, blue shorts, glasses, beard, red and white hat." (Id. at 122; Commonwealth Exhibit No. 6.) This description was consistent with Detective Whiteford's observation.

Based upon the eye-witness testimony of Officer Mendez, and the corroborating testimony of Detective Whiteford and Officer Hagy, the jury could have found that each element of the offenses charged was supported by the evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt.

III. Conclusion

For the reasons set forth above, Angel Noel Martinez's appeal should be dismissed and his judgment of sentence affirmed.

Accordingly, I enter the following:

---

[1]Officer Mendez gave the following description to Officer Nagy of the individual involved in the drug buy with "Bells": "light- to medium-complected black male wearing blue shorts, white T-shirt, glasses, and . . . a white and red hat." (N.T. at 73.) Detective Whiteford described the man with "Bells" as a "black male, light to medium complexion, wearing a white T-shirt, blue jean shorts, and a red and white baseball cap." (Id. at 96.)

8

# IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
## C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA : 

          v.               :       No. 1104 - 2015

    ANGEL NOEL MARTINEZ     :

## O R D E R

AND NOW, this 23rd day of February, 2016, the Court submits this Opinion

pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.

I certify this document to be filed
in the Lancaster County Office of
the Clerk of the Courts.

BY THE COURT:

DAVID L. ASHWORTH
JUDGE

Jacquelyn E. Pfursich
Clerk of Courts

ATTEST:

Copies to:    Susan E. Moyer, Assistant District Attorney
               MaryJean Glick, Senior Assistant Public Defender

2016 FEB 23 AM 11:26
LANCASTER COUNTY, PA
CLERK OF COURTS