J-S06015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

PAUL E. GIULIANO

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 2311 EDA 2016

Appeal from the Judgment of Sentence June 16, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006604-2014

BEFORE: MOULTON, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED JUNE 20, 2017**

Paul E. Giuliano appeals from the June 16, 2016 judgment of sentence entered in the Delaware County Court of Common Pleas after a jury convicted him of burglary (overnight accommodation and person present) and criminal trespass (enter structure).[1]  We affirm.

The trial court set forth the following factual and procedural history:

> On September 15, 2014, at 11:05 a.m.[,] Haverford Township Police responded to . . . a burglary.  The burglar fled and [Giuliano] was later taken into custody and positively identified by the homeowner.  After a two-day jury trial, [Giuliano] was found guilty on August 26, 2015. On September 28, 2015, this Court sentenced [Giuliano] on Count 1, Burglary, to a sentence of 10-20 years['] confinement plus 5 years['] consecutive probation.  On

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3502(a)(1) and 3503(a)(1)(i), respectively.

October 2, 2015, [Giuliano]'s counsel filed a timely Notice of Appeal.

The sentence was illegal since the aggregate total exceeded the twenty-year statutory maximum by a period of five years. The attorney for the Commonwealth and [Giuliano]'s attorney were in agreement that the case should be remanded to the Trial Court for re-sentencing. The parties entered a Stipulation requesting that the Judgment of Sentence be vacated, and the case remanded for re-sentencing. The Court agreed with the parties. On April 1, 2016, the Superior Court vacated the Judgment of Sentence and remanded the matter.

On June 16, 2016, [Giuliano] was re-sentenced to an aggregate total that did not exceed the twenty-year statutory maximum. The Court sentenced [Giuliano]: on Count 1, Burglary, to a sentence of 10-20 years SCI, and on Count 2, Criminal Trespass, merges with Count 1. The Court sentenced [Giuliano] pursuant to 42 Pa.C.S. § 9714 and notice was properly served upon Defense Counsel, a copy which [was] attached to [the] Sentencing Sheet . . . .

Trial Ct. Op., 8/23/16, at 1-2 ("1925(a) Op.") (internal citations and quotation marks omitted). On July 14, 2016, Giuliano filed a timely notice of appeal.

Giuliano raises the following question on appeal:

Whether the mandatory sentence imposed pursuant to 42 Pa.C.S. § 9714 is illegal since that mandatory provision and its triggering facts were not charged in the bill of information, and because the government was not required to prove that it applied, beyond a reasonable doubt, to a jury?

Giuliano's Br. at 5 (trial court answer omitted).

Giuliano claims that his mandatory minimum sentence pursuant to section 9714 of the Sentencing Code is illegal. Our standard of review on such matters is well settled:

Generally, a challenge to the application of a mandatory minimum sentence is a non-waivable challenge to the legality of the sentence. Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. Our standard of review over such questions is *de novo* and our scope of review is plenary.

**Commonwealth v. Hawkins**, 45 A.3d 1123, 1130 (Pa.Super. 2012) (quoting **Commonwealth v. Brougher**, 978 A.2d 373, 377 (Pa.Super. 2009)).

Section 9714 of the Sentencing Code provides, in part:

**(a) Mandatory sentence.--**

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon a second conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

**(a.1) Mandatory maximum.--**An offender sentenced to a mandatory minimum sentence under this section shall be sentenced to a maximum sentence equal to twice the mandatory minimum sentence, notwithstanding 18 Pa.C.S. § 1103 (relating to sentence of imprisonment for felony) or any other provision of this title or other statute to the contrary.

. . .

**(d) Proof at sentencing.--**Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after

conviction and before sentencing. The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, by a preponderance of the evidence, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section. Should a previous conviction be vacated and an acquittal or final discharge entered subsequent to imposition of sentence under this section, the offender shall have the right to petition the sentencing court for reconsideration of sentence if this section would not have been applicable except for the conviction which was vacated.

42 Pa.C.S. § 9714(a), (a.1), and (d). Robbery is a crime of violence under section 9714. *Id.* § 9714(g).

First, Giuliano argues that his sentence is illegal because the Commonwealth failed to include his prior conviction for robbery in the bill of information and never amended the bill of information.

We conclude that Giuliano's claim is meritless. Section 9714 clearly states that notice to the defendant that the Commonwealth is seeking a mandatory minimum under section 9714 "shall not be required prior to conviction, but . . . shall be provided after conviction and before sentencing." 42 Pa.C.S. § 9714(d). We agree with the trial court that "the Commonwealth has no obligation to provide the defendant notice in the charging document," 1925(a) Op. at 4, and that the Commonwealth

- 4 -

provided the notice required by law, *id.* at 4-5; *see also* N.T., 6/16/16, at 4, 8-9 (trial court and re-sentencing counsel agree that Giuliano received notice that the Commonwealth sought a mandatory minimum sentence before both his original sentencing and his re-sentencing).[2]

Second, Giuliano argues that section 9714 is unconstitutional pursuant to the United States Supreme Court's decision in *Alleyne v. United States*,

_____

[2] Giuliano did not challenge the reasonableness of the Commonwealth's notice. Even had Giuliano lodged such a claim, the trial court correctly concluded that the Commonwealth's notice was proper:

> In the case *sub judice*, the Commonwealth notified [Giuliano]'s counsel in writing four (4) days prior to sentencing. The assistant district attorney informed [Giuliano]'s counsel that the Commonwealth intended to invoke the ten-year mandatory minimum sentence that was applicable to [Giuliano] as a second strike offender pursuant to [section 9714]. The letter included an attachment with a Judgment of Sentence from April 6, 2004 evidencing [Giuliano]'s prior conviction for robbery. The letter was dated September 24, 2015 and sentencing was September 28, 2015.
>
> . . .
>
> The statute does require that the notice be reasonable and the question becomes whether four days written notice is reasonable. The Pennsylvania Superior Court in *Commonwealth v. Taylor*, 831 A.2d 661 (Pa.Super. 2003), determined that the Commonwealth notified the defendant 2-3 days before sentencing of the intention to proceed to sentence the defendant under the mandatory minimum sentence as a second-strike offender and the Court held such short notice was reasonable.

1925(a) Op. at 4-5.

133 S.Ct. 2151 (2013), which he contends requires the Commonwealth to prove section 9714's "triggering facts beyond a reasonable doubt." Giuliano's Br. at 17. Giuliano recognizes that this Court has "rejected an **Alleyne** based challenge to [s]ection 9714. . . . [but] invites this court to revisit the issue." **Id.** at 18.

We conclude that Giuliano is not entitled to relief. As Giuliano admits, this Court has rejected **Alleyne**-based challenges to section 9714. **See Commonwealth v. Reid**, 117 A.3d 777, 785 (Pa.Super. 2015) ("**Alleyne** did not overturn prior precedent that prior convictions are sentencing factors and not elements of offenses. . . . [a]ccordingly, . . . section [9714] is not unconstitutional under **Alleyne**"); **see also Commonwealth v. Bragg**, 133 A.3d 328, 333 (Pa.Super.), *app. granted in part*, 143 A.3d 890 (Pa. 2016) ("In . . . **Reid**, . . . this Court specifically found that [s]ection 9714 is not rendered unconstitutional under **Alleyne** as it provides for mandatory minimum sentences based on prior convictions."). This panel lacks authority to revisit this issue.[3] Accordingly, we conclude that Giuliano's mandatory minimum sentence, imposed pursuant to section 9714, is legal.

_____

[3] We recognize that the Pennsylvania Supreme Court has granted allowance of appeal in **Bragg** and three other cases to examine the constitutionality of section 9714. **See Bragg**, 143 A.3d at 890. However, until our Supreme Court issues a decision in **Bragg**, we are bound by this Court's prior conclusion that section 9714 is constitutional. **See Commonwealth v. Slocum**, 86 A.3d 272, 278 n.9 (Pa.Super. 2014) ("This Court is bound by existing precedent under the doctrine of *stare decisis* and
*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/20/2017</u>

---

*(Footnote Continued)* ─────────────

continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court.").