J. S31033/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :     IN THE SUPERIOR COURT OF
                                                    :            PENNSYLVANIA
                 v.                    :
                                                    :
EMMANUEL HOWARD,                 :           No. 1549 WDA 2016
                                                    :
               Appellant      :  

Appeal from the Judgment of Sentence, September 14, 2016,
in the Court of Common Pleas of Fayette County
Criminal Division at No. CP-26-CR-0001069-2016

BEFORE: PANELLA, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED JUNE 21, 2017**

Emmanuel Howard appeals from the September 14, 2016 judgment of sentence entered in the Court of Common Pleas of Fayette County after a jury convicted him of two counts of robbery and one count each of theft by unlawful taking, receiving stolen property, and simple assault.[1] The trial court imposed a sentence of 7 to 20 years of imprisonment on one of the robbery convictions and imposed no further sentence on the remaining convictions. We affirm.

The trial court set forth the following factual history:

> On December 29, 2015, Christine Arthur (hereinafter "Victim") was employed as a waitress at the Canton Restaurant on Fayette Street in Uniontown, Fayette County, Pennsylvania.

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3701(a)(1)(v), 3921(a), 3925(a), and 2701(a)(3), respectively.

Approximately thirty minutes into her shift, a man described by Victim as a young black male, with facial hair, distinguished eyes and wearing a dark hooded sweatshirt came into the restaurant and placed an order. The man grabbed a can of pop out of the refrigerator cooler and set it down on the counter where Victim was working. After Victim requested payment for the order, the man went around the counter, pointed an object that was covered up with a handkerchief into her side and demanded money from the cash register. The assailant then ran off after taken [sic] approximately sixty dollars. Victim testified she complied with the demand because she "was afraid for my life."

About five minutes after the assailant fled the restaurant, Lieutenant Tom Kolencik with the Uniontown Police Department arrived on scene and spoke with Victim. Lieutenant Kolencik also took into evidence the pop can that was handled by the assailant during the commission of the crime. The conclusion of the lab results was that a set of fingerprints on the pop can belonged to [a]ppellant.

Appellant briefly testified at trial. He testified that since he resided across the street from the restaurant, he frequented it numerous times. Finally, [a]ppellant testified that he did not rob the Canton on December 29, 2015.

Trial court opinion, 12/5/16 at 2-3 (citations to notes of testimony and footnote omitted).

The record reflects that appellant filed a timely post-sentence motion for modification of sentence, which the trial court denied. Appellant then filed a timely notice of appeal to this court. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to

Pa.R.A.P. 1925(b). Appellant complied. Thereafter, the trial court filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

> [1.] Whether the evidence presented at trial sufficiently established that during the course of a theft at the Canton Restaurant on Fayette Street in Uniontown, Fayette County, Pennsylvania, [appellant] threatened the victim with serious bodily injury or that he used physical force when removing the money from the register, as required under both 18 Pa.C.S.A. § 3701(a)(1)(ii) and (v)?
>
> [2.] Whether the evidence at trial sufficiently established that [appellant's] conduct placed the victim in fear of imminent serious bodily injury, as required under 18 Pa.C.S.A. § 2701(a)(3)[?]
>
> [3.] Whether the evidence presented at trial demonstrated that the individual who robbed the Canton Restaurant on December 29, 2015 was in fact [appellant?]
>
> [4.] Whether [appellant's] sentence of no less than seven (7) years to twenty (20) years was harsh, severe and excessive in light of the surrounding circumstances[?]

Appellant's brief at 7 (capitalization omitted).

Appellant's first three issues challenge the sufficiency of the evidence.

> In reviewing a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt.

*Commonwealth v. Leatherby*, 116 A.3d 73, 79 (Pa.Super. 2015).

The statutory definition of robbery reads, in pertinent part, as follows:

**§ 3701.  Robbery.**

**(a)  Offense defined**.

(1)  A person is guilty of robbery if, in the course of committing a theft, he:

. . . .

(ii)  threatens another with or intentionally puts him in fear of immediate serious bodily injury; [or]

. . . .

(v)  physically takes or removes property from the person of another by force however slight[.]

18 Pa.C.S.A. § 3701(a)(1)(ii), (v).

Appellant complains that the evidence was insufficient to convict him of robbery under Section 3701(a)(1)(ii) because appellant "made no verbal threats to the [victim]"; appellant "never brandished a weapon"; the victim "did not observe any firearm throughout the entire incident"; and the victim followed appellant's orders.  (Appellant's brief at 12.)  As such, appellant contends that the evidence failed to demonstrate that appellant threatened the victim or intended to put her in fear of immediate serious bodily injury and that it failed to demonstrate that the victim was threatened or feared

immediate serious bodily injury.    Appellant further complains that the evidence was insufficient to convict him under Section 3701(a)(1)(v) because appellant "removed the cash from the cash register, not from the [victim's] person."  (*Id.*)  Appellant is mistaken.

In a case starkly similar to this, this court found that where the Commonwealth presented evidence that the defendant pressed a hard object into the victim's side and told the victim to give him all the money from the cash register and the safe, and the victim complied, the evidence was sufficient for the jury, sitting as fact-finder and examining the evidence in its totality, to convict under Sections 3701(a)(1)(ii) and (v).  ***Commonwealth v. Taylor***, 831 A.2d 661, 664 (Pa.Super. 2003).

Here, at trial, the victim testified that appellant "came along next to [her,]" "pointed something in her side[,]" and told her to "open the register."  (Notes of testimony 9/7/16 at 20.)  The victim further testified that the object that appellant put into her side was covered with a handkerchief or a bandana.  (*Id.*)  She stated that she did what appellant told her to do and "feared for [her] life."  (*Id.* at 21.)

Therefore, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, we find that the Commonwealth presented sufficient evidence for the jury, sitting as fact-finder, to find every element of the robbery counts

under Section 3702(a)(1)(ii) and (v) was established beyond a reasonable doubt.

Appellant next complains that the evidence was insufficient to sustain his conviction for simple assault under Section 2701(a)(3) because the victim "testified that no verbal threats were made to her and she never observed any firearm during the brief incident." (Appellant's brief at 13.) Appellant cites no authority -- and we are aware of none -- for his contention that to be convicted of simple assault, the Commonwealth was required to prove that he verbally threatened the victim and that the victim observed a firearm during the assault.

A person is guilty of simple assault if he "attempts by physical menace to put another in fear of imminent serious bodily injury." 18 Pa.C.S.A. § 2701(a)(3). Again, at trial, the victim testified that appellant pressed a hard object into her side, instructed her to open the cash register, and that she "feared for [her] life." (*Id.*) Viewing this evidence in the light most favorable to the Commonwealth, together with all reasonable inferences therefrom, we find that the Commonwealth presented sufficient evidence for the jury, sitting as fact-finder, to find every element of Section 2701(a)(3) was established beyond a reasonable doubt.

Appellant next complains that the Commonwealth failed to present sufficient evidence that appellant was the person who robbed the restaurant. The record belies appellant's claim. During trial, the victim identified

appellant as the person who robbed the restaurant. (Notes of testimony, 9/7/16 at 18.) The victim further testified that immediately prior to the robbery, appellant took a can of soda from the cooler and placed it on the counter. (*Id.* at 19-20.) The record reflects that law enforcement secured the soda can and subsequently sent it to the Pennsylvania State Police Crime Lab for analyzation of latent fingerprints. (*Id.* at 43-47, 55-56, 68.) At trial, the Commonwealth presented forensic evidence that the fingerprints lifted from the soda can were appellant's fingerprints. (*Id.* at 89.) Therefore, this claim fails.

Appellant finally challenges the discretionary aspects of his sentence.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

***Commonwealth v. Moury***, 992 A.2d 162, 169-170 (Pa.Super. 2010) (citation omitted; brackets in original).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted; brackets in original).

Here, appellant filed a timely notice of appeal and properly preserved his sentencing challenge in his post-trial motion for modification of sentence. As the Commonwealth observes, however, appellant has failed to include in his brief the requisite Rule 2119(f) statement. (Commonwealth's brief at 12 n.3.) Because the Commonwealth merely observes its exclusion and does not object to its omission, the defect is not necessarily fatal. ***See Commonwealth v. Maneval***, 688 A.2d 1198, 1199 (Pa.Super. 1997) ("When the Commonwealth does not object to the omission of a

Rule 2119(f) statement, this Court can overlook the omission if the presence or absence of a substantial question can be easily determined from the appellant's brief."), *citing Commonwealth v. Saranchak*, 675 A.2d 268, 277 n.18 (1996).

That said, it is fairly obvious that appellant fails to raise a substantial question concerning the appropriateness of his sentence. Appellant claims that his sentence is "harsh, severe and excessive in light of the circumstances," despite it falling within the standard range of the sentencing guidelines, because "the evidence was highly circumstantial," the "alleged victim was not injured," "[e]ven though appellant is a repeat felon, his record does [not] reflect any violent history, nor a propensity for violence," and his "rehabilitative needs will not be adequately addressed." (Appellant's brief at 17.) Appellant has entirely failed to demonstrate how the sentence is inconsistent with a specific provision of the sentencing code or in what way it is contrary to the fundamental norms that underlie appellant's sentencing process. In fashioning appellant's sentence, the trial court reviewed the presentence investigation report, considered the nature and seriousness of the offense, considered appellant's status as a repeat felon under his prior record score, considered the need to protect the community, and considered appellant's rehabilitative needs. (Trial court opinion, 12/5/16 at 9-10.) Therefore, appellant fails to present a substantial question for our review.

J. S31033/17

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/21/2017